## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. UNITED STATES.

### No. K-514.

Court of Claims.
Dec. 1, 1930.

Guy Patten, of Vinita, Okl., for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Lisle A. Smith and Edward H. Horton, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff in this action is seeking the recovery of income taxes assessed and collected under the provisions of the Revenue

Act of 1921 (42 Stat. 227) for the calendar years of 1921 and 1922, aggregating the sum of $37,969.68, together with interest on $17,635.07 from December 6, 1922, and on $20,334.61 from December 5, 1923.

The petition was filed December 3, 1929, and the jurisdiction of this court is invoked under the provision of paragraph twentieth of section 24 of the Judicial Code, as amended, re-enacted by section 1122(c) of the Revenue Act of 1926, 28 USCA § 41(20), it being alleged (paragraph II) that the taxes here sought to be recovered were "erroneously or illegally assessed and collected under the internal revenue laws, the collector of internal revenue by whom such taxes were collected not being in office as collector of internal revenue at this time." The petition further discloses (paragraph III) that its final return for the calendar year 1921 was filed June 7, 1922, the amount of the taxes shown thereon and assessed by the Commissioner of Internal Revenue being $104,556.99, which tax was duly paid by plaintiff in four installments, the last of which was on December 6, 1922, and its final return for the calendar year 1922 was filed on June 9, 1923, the amount of the tax shown thereon and assessed by the Commissioner of Internal Revenue being $158,121.30, which tax was duly paid by plaintiff in four equal installments of $39,530.32, the last of which was on December 5, 1923.

The petition shows no claim for refund was ever filed by plaintiff covering either of said years and that this action was brought on December 3, 1929, more than five years after the payment of taxes for the calendar years 1921 and 1922, respectively. As the basis of the recovery here sought, plaintiff relies upon the decision of the Supreme Court of the United States in the case of National Life Insurance Company v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, wherein that court held that life insurance companies were entitled under the provisions of section 245(a)(2) of the Revenue Act of 1921 (42 Stat. 261) to deduct the full 4 per cent. of the mean of their reserve funds required to be maintained by law, and that in so far as said section attempted to diminish said 4 per cent. by the amount of tax-exempt interest received during the tax year, said section was unconstitutional and void.

The defendant has interposed a demurrer which raises the question of jurisdiction of this court.

■ It is apparent from an examination of paragraph twentieth of section 24 of the Judicial Code, as amended, and re-enacted by section 1122(c) of the Revenue Act of 1926 (28 USCA § 41(20), that this section applies only to the District Courts and has no application to the jurisdiction of this court. Before the amendment (Act of February 24, 1925 [43 Stat. 972]), suits could only be brought for the erroneous or illegal collection of taxes by the collector of internal revenue while he was in office, and the courts have repeatedly held that it was a personal action. Smietanka v. Indiana Steel Co., 257 U. S. 1, 42 S. Ct. 1, 66 L. Ed. 99. Suits could not be brought against the United States in the District Courts where it was alleged that the collector of internal revenue had erroneously or illegally assessed or collected taxes. Of course, no suit could be maintained in the Court of Claims against the collector. This court has only jurisdiction of cases where the government is defendant. The object of this amendment was to give the district courts concurrent jurisdiction with the Court of Claims to try cases against the United States where taxes had been erroneously or illegally assessed or collected by the collector, after he had ceased to be the collector at the time the suit was instituted. However, we only refer to this point because this issue has been raised. We do not lay particular stress on it. The main point on which this case must devolve, and the controlling point in the case, is that no claim for refund was ever filed with the Commissioner of Internal Revenue. There is no allegation in the complaint that a claim for refund was ever filed. It has been repeatedly held by the courts that in order to give jurisdiction it is essential that a claim for refund shall have been filed, and the omission of an allegation that a claim has been made is fatal. Davis v. United States, 67 Ct. Cl. 643, and cases cited. It is apparent from an examination of the petition that no claim for refund was filed, and the bar of the statute of limitations having fallen no claim can be filed. The court has no jurisdiction. The demurrer is sustained and the petition dismissed. It is so ordered.