David L. MILLER, Plaintiff,

v.

THE UNITED STATES, Defendant.

No. 05–737 C.

United States Court of Federal Claims.

Aug. 9, 2005.

David L. Miller, Waupun, WI, pro se.

## OPINION AND ORDER

HEWITT, Judge.

Before the court is plaintiff's "Complaint Under 28 U[.]S[.]C[.] § 1491 and 42 U[.]S[.]C[.] § 1985 International Covenant/Conspiracy" (complaint or Compl.) filed pro se on July 8, 2005.[1] For the following reasons, plaintiff's complaint is DIS-MISSED–IN–PART for lack of jurisdiction.

## I. Jurisdiction of the United States Court of Federal Claims

### A. Subject Matter Jurisdiction

Like all courts in our democracy, the United States Court of Federal Claims is a court of "limited jurisdiction." *United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The Tucker Act, 28 U.S.C. § 1491 (2000), confers upon this court jurisdiction over certain claims against the United

---

1. Also before the court are plaintiff's (1) "Motion [for Submission of] Supplemental Pleading and Amendment of Party"; (2) "Motion for Injunction, [or] in [the][A]lternative [to] Vacate Void Contract [and Award] Costs and Fees" and brief in support of this motion; (3) "[Motion for] Legal Funds ... [and] Injunction"; (4) "[Motion for] Removal (temporary) [and] Motion [for] Asylum"; and (5) "Motion [for] Joinder [of] Parties" (collectively, plaintiff's motions). Plaintiff's motions were filed with plaintiff's complaint on July 8, 2005. Defendant's counsel has not yet entered an appearance in this matter, nor has defendant filed its answer to plaintiff's complaint. Accordingly, the pleadings in this matter are not yet complete.

Rule of the Court of Federal Claims (RCFC) 12(a)(1) provides that "[t]he United States shall file its Answer ... within 60 days after service" of plaintiff's complaint. In this case, defendant's answer or other response to plaintiff's complaint is not due to be filed until September 6, 2005. Not until defendant enters an appearance and files its answer must it respond to other motions filed by plaintiff. Accordingly, all of plaintiff's motions are DENIED WITHOUT PREJUDICE as prematurely filed and, to the extent any such motions involve portions of the complaint dismissed by this Opinion and Order, such motions shall not be refiled.

States; however, the Tucker Act does not create a substantive right enforceable against the sovereign. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Fisher v. United States,* 402 F.3d 1167, 1172 (2005); *Khan v. United States,* 201 F.3d 1375, 1377 (Fed.Cir.2000). Rather, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when a claim is grounded in a contract, a money-mandating statute, or certain provisions of the United States Constitution, including the "takings clause" of the Fifth Amendment. *See* 28 U.S.C. § 1491 (2001); *Testan,* 424 U.S. at 398, 96 S.Ct. 948; *Fisher,* 402 F.3d at 1172 (2005) ("[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."); *Ralston Steel Corp. v. United States,* 169 Ct.Cl. 119, 340 F.2d 663, 667 (1965) ("In general, a claimant who says that he is entitled to money from the United States because a statute or a regulation grants him that right, in terms or by implication, can properly come to the Court of Claims, at least if his claim is nor frivolous but arguable."). This court generally lacks jurisdiction to consider claims alleging violations of statutes that mandate a form relief other than the payment of money:

> [I]t is not every claim involving or invoking the Constitution, a federal statute, or a regulation which is cognizable here. The claim must, of course, be for money. Within that sphere, the non-contractual claims we consider ... can be divided into two somewhat overlapping classes—those in which the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum; and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury.

*Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1007 (1967) (footnote omitted), *overruled on other grounds by Malone v. United States,* 849 F.2d 1441, 1444–45 (Fed.Cir.1998), *overruling recog-*nized by *Claude E. Atkins Enters. v. United States,* 15 Cl.Ct. 644, 647 (1988).

The United States Court of Federal Claims "may not entertain claims outside [its] specific jurisdictional authority." *Adams v. United States,* 20 Cl.Ct. 132, 135 (1990). "If there is no jurisdiction, this court must dismiss the action." *Taylor v. United States,* 49 Fed.Cl. 598, 601 (2001); *accord* Rule of the Court of Federal Claims (RCFC) 12(b)(1); *Fisher,* 402 F.3d at 1173 ("[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act.").

## B. Personal Jurisdiction

Even if a claim falls within the subject matter jurisdiction of this court, that claim nonetheless must be dismissed if it is lodged against any defendant other than the United States because "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States,* 58 Fed. Cl. 186, 190 (2003); *accord* RCFC 12(b)(2). As the Supreme Court of the United States explains:

> [I]t has been uniformly held, upon a review of the statutes creating the [United States] [C]ourt [of Federal Claims] and defining its authority, that its jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court, or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed.
>
> . . . .
>
> [T]he Court of Claims ... is without jurisdiction of any suit brought against private parties .... [T]he jurisdiction of the Court of Claims ... is narrowly restricted to the adjudication of suits brought against the Government alone.

*United States v. Sherwood,* 312 U.S. 584, 588–89, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (citing *Green v. Menominee Tribe,* 233 U.S. 558, 34 S.Ct. 706, 58 L.Ed. 1093 (1914);

*United States v. Jones,* 131 U.S. 1, 9, 9 S.Ct. 669, 33 L.Ed. 90 (1889); *United States v. Alire,* 73 U.S. (6 Wall.) 573, 18 L.Ed. 947, 3 Ct.Cl. 447 (1867); *Lynn v. United States,* 110 F.2d 586 (5th Cir.1940); *Leather v. United States,* 61 Ct.Cl. 388 (1925); *Pac. Mut. Life Ins. Co. v. United States,* 71 Ct.Cl. 164, 44 F.2d 887, 888 (1930); *Waite v. United States,* 57 Ct.Cl. 546 (1922); *Turner v. Creek Nation of Indians,* 248 U.S. 354, 39 S.Ct. 109, 63 L.Ed. 291 (1919); and *Jackson v. United States,* 27 Ct.Cl. 74, 84 (1891)); *accord Bogart v. United States,* 209 Ct.Cl. 208, 531 F.2d 988, 991 (1976) ("[I]f the relief sought is against others than the United States, it is not within the jurisdiction of this court.").

## II. Discussion

This court has an obligation to examine its own jurisdiction at all stages of a proceeding. *See Fisher,* 402 F.3d at 1173 ("[T]he trial court at the outset shall determine, either in response to a motion by the Government or *sua sponte* (the court is always responsible for its own jurisdiction), whether the Constitutional provision, statute, or regulation is one that is money-mandating."); *Wood–Ivey Sys. Corp. v. United States,* 4 F.3d 961, 967 (Fed.Cir.1993) ("A court's lack of jurisdiction over a case may be considered at any time, even for the first time on appeal, and can be raised *sua sponte* by the court"); *Arctic Corner, Inc. v. United States,* 845 F.2d 999, 1000 (Fed.Cir.1988) ("A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt"). Accordingly, the court considers whether any of the claims in plaintiff's complaint should be dismissed in accordance with RCFC 12(b)(1) and 12(b)(2) for lack of jurisdiction.

### A. This Court Lacks Jurisdiction Over Plaintiff's Claims Against Defendants Other than the United States

■ Plaintiff names as defendants in this action the United States as well as numerous state and federal actors and several private parties. *See* Compl. at 1–2 (listing as defendants the United States; the U.S. Solicitor General; the United States Army, the Executive Branch of the federal government; the President of the United States; the federal judiciary; the Wisconsin state judiciary; the State of Wisconsin; the Attorney General for the State of Wisconsin; the Wisconsin Division of Corrections; and the law firm that represented plaintiff's opponent in a previous legal dispute); *see also id.* at 2a–2b (listing as "[i]ndividual [p]arties" to this matter the United States; the former and current Attorneys General of the United States; nine justices and three clerks of the Supreme Court of the United States; three Wisconsin state court judges; five judges and one clerk from the United States Court of Appeals for the Seventh Circuit; twenty-two members of the Wisconsin state legislature; the Governor of Wisconsin; sixteen employees of the Wisconsin Department of Corrections; seven justices of the Wisconsin Supreme Court; seven judges on the Wisconsin Court of Appeals; and individual attorneys and judges involved in plaintiff's previous lawsuits). Because "plaintiff[']s[ ] ... claims against various individual [government] officials in their personal and professional capacities cannot be entertained in this court," *Stephenson,* 58 Fed.Cl. at 190, and because "[t]here is no authority by precedent or statute for this court to enter judgment and execute it against a private party," *Md. Cas. Co. v. United States,* 135 Ct.Cl. 428, 141 F.Supp. 900, 907 (1956); *accord Nicholson v. United States,* 29 Fed.Cl. 180, 185 (1993) ("[T]his court *lacks jurisdiction* overs suits against private third-party defendants."), plaintiff's claims against parties other than the United States are DISMISSED for lack of jurisdiction.

### B. This Court Lacks Jurisdiction to Consider Plaintiff's Constitutional Claims

■ In his complaint plaintiff alleges that various state and federal actors violated his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. *See generally* Compl. at 5–7, ¶¶ 1–14; *id.* at 10–13, ¶¶ 27–34, 36; *id.* at 15–17, ¶¶ 46, 48–50; *id.* at 18, ¶ 54; *id.* at 20–21, ¶¶ 61–62. Plaintiff also alleges that various state and federal actors disregarded the Eighth Amendment's prohibition against cruel and unusual punishment. *See generally id.* at 7–9, ¶¶ 15–25; *id.* at 16, ¶ 47; *id.* at 17–19, ¶¶ 51–53; *id.* at 18–20,

¶¶ 57–60. The court lacks jurisdiction to consider these claims.

Although this court may exercise jurisdiction over claims "founded . . . upon the Constitution," the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money. *See* 28 U.S.C. § 1491(a)(1). Because neither the Eighth Amendment nor the Due Process Clause is money-mandating, the court DISMISSES plaintiff's Due Process and Eighth Amendment claims for lack of jurisdiction. *See, e.g., LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) ("[Plaintiff's] complaint included counts alleging violation of his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of separation of powers. None of these is a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); *Carruth v. United States,* 224 Ct.Cl. 422, 627 F.2d 1068, 1081 (1980) ("This court has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment because these constitutional provisions do not obligate the Federal Government to pay money damages."); *Hurt v. United States,* 64 Fed.Cl. 88, 89 (2005), *aff'd* 134 Fed.Appx. 446 (Fed.Cir. June 2, 2005) (Table) (dismissing claims arising under the Eighth Amendment and the Due Process Clause of the Fifth Amendment for lack of jurisdiction). Accordingly, plaintiff's claims under the Fifth, Eighth and Fourteenth Amendments are DISMISSED for lack of jurisdiction.

### C. This Court Lacks Jurisdiction to Consider Plaintiff's AEDPA Claim

■ In his complaint, plaintiff argues that the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, § 107, 110 Stat. 1214, 1221–1222 (1996), is unconstitutional because it "arbitrarily classifie[s] prisoners as terrorists" and operates as an ex post facto law. *See* Compl. at 14, ¶¶ 41–42. This court is without jurisdiction to issue a declaratory judgment concerning the constitutionality of this federal statute. *See King,* 395 U.S. at 5, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) ("In the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of Federal Claims has been given the authority to issue declaratory judgments."); *Adair v. United States,* 227 Ct.Cl. 345, 648 F.2d 1318, 1323–24 (1981) (discussing and quoting *King* ); *Folden v. United States,* 56 Fed.Cl. 43, 60 n. 6 (2003) ("To the extent that plaintiffs seek a declaratory judgment on the constitutionality of [a federal statute], this court is not the proper forum to render such a pronouncement." (citing *King* and *Adair* )). Accordingly, the court DISMISSES plaintiff's AEDPA claim for lack of jurisdiction.

### D. This Court Lacks Jurisdiction to Consider Plaintiff's Tort and Criminal Claims

■ In his complaint, plaintiff accuses various state and federal actors of conspiracy, *see* Compl. at 12, ¶ 35, and of negligent failure to supervise subordinates. *See id.* at 18–19, ¶¶ 55–57. The court is without jurisdiction to consider these claims. The Tucker Act expressly provides that this court lacks jurisdiction over claims, such as plaintiff's negligence claim, which "sound[ ] in tort." *See* 28 U.S.C. § 1491(a)(1); *Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims."). Further, this "court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code," including conspiracy claims. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir. 1994). Accordingly, the court DISMISSES plaintiff's negligence and conspiracy claims for lack of jurisdiction.

### E. This Court Lacks Jurisdiction To Consider Plaintiff's ICCPR Claim

In his complaint, plaintiff alleges numerous violations of his rights under the International Covenant on Civil and Political Rights (ICCPR),[2] G.A. Res. 2200A (XXI), 21 U.N.

---

2. Plaintiff explains:

Due to continued U[.]S[.][p]rejudice in my Dis-

GAOR, 21st Sess., Supp. No. 16, at 53, U.N. Doc. A/6316 (1966), 999 U.N.T.S. 171 (1976), and argues that, as a result of these violations, "more than two ... Actors of State or Federal Charact[e]r ... have breached an express contract by being a contracting state to said covenant ... and [therefore] accountable to protect those rights g[ua]ranteed by [the] Covenant." Compl. at 12–13 ¶¶ 35, 38–40; *accord id.* at 21, ¶ 62 (arguing that "28 U.S.C. [§ ] 1491(1) allows contracts with [the] U[.]S[.] to be challenged in this court and the U[.]S[.] is a contracting [n]ation as pertains to the International Covenant and bound by international law"). Plaintiff appears to base its ICCPR claim on the Tucker Act, which grants this Court jurisdiction over "claim[s] against the United States founded [ ] upon ... any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1).

 Plaintiff misconstrues the nature and scope of this court's jurisdiction. Although the Tucker Act serves as a waiver of the government's sovereign immunity over contract disputes between the government and private parties, *see, e.g., Sherwood,* 312 U.S. at 586–87, 61 S.Ct. 767, this waiver does not extend to every agreement made by the government, *see, e.g., Kania v. United States,* 227 Ct.Cl. 458, 650 F.2d 264, 268 (1981). For example, this court lacks jurisdiction over claims, such plaintiff's treaty law claim, in which the government acts in its sovereign capacity:

> trict[,] I am forced to [r]enounce my U[.]S[.] citizenship and due to the imm[i]nent danger parties have put me in, [a]sylum is necessary and [I] have requested it, to include guaranteed temporary [a]sylum while litigation ensues.
> Compl. at 13, ¶ 40.

**3.** The court notes as an alternative basis for denying plaintiff's ICCPR claim that this court's jurisdiction over contract claims "extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." *Hercules, Inc. v. United States,* 516 U.S. 417, 423, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996) (citations omitted); *Trauma Serv. Group v. United States,* 104 F.3d 1321, 1324 (Fed.Cir.1997). Plaintiff's ICCPR claim alleges that the government breached an implied-in-law contract, which "does not arise from 'a meeting of the minds,' but ... from an imputed promise to perform a legal duty. As

The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds. The Congress undoubtedly had in mind as the principal class of contract case in which it consented to be sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves.

*Kania,* 650 F.2d at 268. Because this court lacks jurisdiction to consider plaintiff's ICCPR claim, that claim is DISMISSED.[3]

F.  This Court May Have Jurisdiction Over Plaintiff's Claim Seeking Reinstatement of Military Service

Although this court is without jurisdiction to consider most of the claims alleged in plaintiff's complaint, *see* Part II.A–E, *supra* (dismissing those claims), plaintiff makes one allegation that potentially falls within the jurisdiction of this court. Paragraphs 43, 44 and 45 of plaintiff's complaint, *see* Compl. at 14–15, ¶¶ 43–45, allege that plaintiff was wrongfully discharged from the United States Army and request that plaintiff's military status be reinstated.[4] *Accord id.* at 37 ("I am asking the Court to reinstate my 25 year retirement, let me continue service, give fair progressive rank and pack pay."); *id.* at

such, it is a contract implied in law." *Woods v. United States,* 122 Fed.Appx. 989, 991 (Fed.Cir. 2004) (quoting *Hercules,* 516 U.S. at 424, 116 S.Ct. 981). Because implied-in-law contracts cannot form the basis for jurisdiction in this court under the Tucker Act, 28 U.S.C. § 1491(a)(1); *Trauma Serv. Group,* 104 F.3d at 1324, the court finds that it lacks jurisdiction over plaintiff's ICCPR claim on this alternative basis.

**4.** To facilitate the reinstatement of his military service, plaintiff also seeks an "executive [p]ardon of [his] criminal record." Compl. at 15, ¶ 44; *cf. id.* at 37 (seeking an "Executive Pardon or Writ of Prohibition or Mandamus in the alternative ... because my cases have gone to [the United States Supreme Court] and I did not get redress"). Because this court is without power to grant the relief plaintiff seeks, this request is DENIED.

43 (requesting that the "U[.]S[.] Army reinstate my 25 year retirement, give back pay and rank on a progressive scale (Staff Sgt. If deemed fair) at a compensatory scale of fair renumeration [sic] .... The scale has to be figured by Army and agreed upon as they best know rates and will deal with one of theirs fair[ly].").

Although this court does not have the general equitable powers of the district courts of the United States, *Bowen v. Mass.*, 487 U.S. 879, 905, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), it may grant equitable relief in certain situations defined by the Tucker Act. One such provision permits certain types of incidental equitable relief applicable to the type of claim brought by plaintiff:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. § 1491(a)(2) (2001). It is not clear to the court whether plaintiff's claim for reinstatement is timely or proper. However, the court is unwilling to dismiss this claim at this early juncture.[5] Defendant is directed to FILE its answer or other response to paragraphs 43–45 of plaintiff's complaint.

III. Conclusion

The court recognizes that a pro se plaintiff is entitled to liberal construction of his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) ("[A]llegations of the pro se complaint ...

[are held] to less stringent standards than formal pleadings drafted by lawyers."); *Vaizburd v. United States*, 384 F.3d 1278, 1285 n. 8 (Fed.Cir.2004) (noting that pleadings drafted by pro se parties "should ... not be held to the same standard as [pleadings drafted by] parties represented by counsel") (citation omitted). However, "[t]his latitude ... does not relieve a *pro se* plaintiff from meeting [the] jurisdictional requirements" for proceeding in this court. *Bernard v. United States*, 59 Fed.Cl. 497, 499 (2004), *aff'd* 98 Fed.Appx. 860 (Fed.Cir.2004); *see also Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only.").

After careful examination of the complaint, and drawing all reasonable inferences in plaintiffs' favor, none of the allegations made by plaintiff, except for plaintiff's statement that his "service status should be reinstated," Compl. at 14, ¶ 43, can be fairly read to state a claim within this court's jurisdiction. Accordingly, the court ORDERS the following:

1. Plaintiff's claims against defendants other than the United States, *see* Compl. at 1–3 (listing these defendants), are DISMISSED. *See* RCFC 12(b)(2).

2. Plaintiff's constitutional claims, plaintiff's AEDPA claim, plaintiff's ICCPR claim plaintiff's tort claims, and plaintiff's criminal claims, *see* Compl. at 5–21, ¶¶ 1–42, 46–63; *see also id.* at 21–36, 39–43 (discussing the legal bases for these claims), are DISMISSED for lack of subject matter jurisdiction. *See* RCFC 12(b)(1).[6]

---

**5.** In his complaint, plaintiff "demands a jury trial as of right" on those claims properly before the court. *See* Compl. at 4. Because "there is no [S]eventh [A]mendment right to a jury trial in suits against the government," the court DENIES plaintiff's request. *Capital Eng'g & Mfg. Co. v. United States*, 19 Cl.Ct. 774, 776 (1990) (citing *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); *Galloway v. United States*, 319 U.S. 372, 388, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); *United States v. Rush*, 804 F.2d 645, 647 (Fed.Cir.1986); *Funk v. Comm'r*, 687 F.2d 264, 266 (8th Cir.1982); *Md. Cas. Co. v. United States*, 135 Ct.Cl. 428, 141 F.Supp. 900,

905 (1956); *Seaboard Lumber Co. v. United States*, 15 Cl.Ct. 366, 374 (1988); *Ingalls Shipbuilding, Inc. v. United States*, 13 Cl.Ct. 757, 767 (1987), *rev'd on other grounds* 857 F.2d 1448 (Fed.Cir.1988)); *see also United States v. Sherwood*, 312 U.S. 584, 587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("Congress, despite the Seventh Amendment, may dispense with a jury trial in suits brought in the Court of Claims.").

**6.** Plaintiff has filed with his complaint, a "Motion [for] Change of Venue in the Alternative," (plaintiff's venue motion or Venue Mot.), seeking transfer of this matter to the United States Dis-

3. On or before September 6, 2005, defendant shall FILE its answer or other response to paragraphs 43–45 of plaintiff's complaint. *See* Compl. at 14–15, ¶¶ 43–45; *see also id.* at 36–38 (discussing this claim.).

IT IS SO ORDERED.

trict Court for the District of Columbia if this court "will not take jurisdiction in the interest of justice." Venue Mot. at 1. "Whether a case should be transferred to a district court lies within the sound discretion of the court." *Busby School of N. Cheyenne Tribe v. United States,* 8 Cl.Ct. 588, 595 (1985) (citing *Little River Lumber Co. v. United States,* 7 Cl.Ct. 492, 494 (1985) and *Patterson v. United States,* 230 Ct.Cl. 932, 934 (1982)). As plaintiff notes, the basic test for determining the appropriateness of a transfer is whether a transfer would be in "the interest of justice." 28 U.S.C. § 1631 (2000); *accord Goew-*

*ey v. United States,* 222 Ct.Cl. 104, 612 F.2d 539, 541 (1979).

Although the court determines that it is without jurisdiction to consider all but one of the claims presented in plaintiff's complaint, the court finds, in its discretion, transferring the balance of plaintiff's complaint, which appears to allege both state and federal causes of action, would neither be appropriate nor serve the interest of justice at this juncture. Accordingly, the court DENIES plaintiff's venue motion. If plaintiff chooses, plaintiff may file his various claims in the appropriate state and federal tribunals.