George Calvin McCULLOUGH, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 06–483 C.

United States Court of Federal Claims.

Sept. 29, 2006.

George Calvin McCullough, Anderson, SC, pro se.

Elizabeth Aundrea Thomas, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

*OPINION*

HEWITT, Judge.

Pro se plaintiff George Calvin McCullough has made an application to proceed in forma pauperis against the United States, federal agencies, and the Executive, Legislative, and Judicial branches of the United States government for various constitutional, criminal, and tort claims allegedly committed in connection with an alleged surgical procedure.[1] Plaintiff alleges that defendant and defendant's agents implanted a transmitting device into plaintiff's brain, widely broadcast plaintiff's private thoughts, and "re-relay[ed] to [plaintiff his] every thought." Complaint (Compl.) 4, 6. Plaintiff also alleges that defendant and defendant's agents injected chemical substances into plaintiff's body and released and exposed plaintiff to "catalyst aerosol fumes" which produce "lethal" and "mind-altering" "[e]ffects." *Id.* at 7, 8. Plaintiff also alleges that defendant has purposely withheld evidence of all facts surrounding the alleged surgical procedure and has removed evidence relating to the surgery from plaintiff's military files. *Id.* at 10. Plaintiff sues for solicitation to commit a violent crime, medical malpractice, invasion of privacy, deprivation of rights under color of law, criminal conspiracy, obstruction of justice, public disclosure of private facts or intrusion upon seclusion, defamation, negligent infliction of emotional distress, torture, and tampering with consumer products. *Id.* at 3–11. Plaintiff requests damages in the amount of $300 billion and an injunction directing defendant "to cease and desist its funding, promotion, and broadcast of my intellectual thoughts, and personal and private matters." *Id.* at 12. Plaintiff also requests "formal indictment and criminal prosecution of all parties found negligent." *Id.*

Plaintiff has also moved for waiver of service for summons, for judicial notice of the adjudicative facts, and for a writ of certiorari.

The court first considers plaintiff's application to proceed in forma pauperis. The court then considers whether the court has jurisdiction to entertain plaintiff's claims. Because the court determines that it lacks jurisdiction over plaintiff's claims for the reasons stated below, the court DISMISSES plaintiff's claims.

I. Application to Proceed in Forma Pauperis

Plaintiff has applied to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court may waive the prepayment of filing fees if a plaintiff's application supports a finding that plaintiff is eligible for a waiver of prepayment of the filing fee. 28 U.S.C. §§ 1915(a), 2503(d) (2000) (conferring authority on the Court of Federal Claims to grant applications to proceed in forma pauperis); *see Hayes v. United States,* 71 Fed.Cl. 366, 366–69 (2006) (reviewing authority of the court to grant applications to proceed in forma pauperis and granting plaintiff's application). Even if the court determines that a plaintiff is financially eligible to proceed in forma pauperis, however, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

The court GRANTS plaintiff's application to proceed in forma pauperis for the limited purpose of determining whether plaintiff has stated a claim within the jurisdiction of the court.

II. Jurisdiction

In order for the court to consider the merits of a claim, the court must have jurisdiction over the subject matter of the com-

---

1. Although mentioning and in some cases naming co-conspirators, plaintiff appears not to file suit against them. Plaintiff mentions "unspecified medical persons" involved in the initial operation; medical doctors who have treated plaintiff subsequent to the initial operation; the people operating a broadcast facility "under color of law"; therapists whose counsel plaintiff has sought to alleviate the emotional distress caused by the alleged broadcasts and who, for the alleged purpose of concealing defendant's illegal actions, misdiagnose plaintiff; persons in food packaging and distribution companies; law enforcement officers; an officer of an unspecified court; three unnamed administrative law judges; Amnesty International; unnamed United Nations officials; and an unnamed United States District Court clerk. Plaintiff names Dr. Jane Reister, Dr. Eric Bang, the United States Postal Service, and the United Parcel Service.

plaint. Even where the issue is not raised by one of the parties, the court has an obligation to examine its own jurisdiction at all stages of a proceeding and may raise the issue for consideration sua sponte. *Wood–Ivey Sys. Corp. v. United States,* 4 F.3d 961, 967 (Fed. Cir.1993); *Hurt v. United States,* 64 Fed.Cl. 88, 89 (2005). If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim. Rules of the Court of Federal Claims (RCFC) 12(h)(3); *see Miller v. United States,* 67 Fed.Cl. 195, 197 (2005).

Jurisdiction of the United States Court of Federal Claims is governed by the Tucker Act, 28 U.S.C. § 1491 (2000). Jurisdiction is limited to claims against the United States for money damages, the payment of which is mandated by a contract, the Constitution, a statute, or a regulation. § 1491(a)(1). The Tucker Act expressly states that this court lacks jurisdiction over claims sounding in tort. *Id.* The Tucker Act is merely a jurisdictional grant and does not create a substantive right enforceable against the sovereign. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). For this court to have jurisdiction, a plaintiff must identify "a separate source of substantive law" mandating the payment to plaintiff of money damages by the United States. *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005). Furthermore, this court generally lacks jurisdiction to grant non-monetary relief " 'unless [the requested non-monetary relief] is tied and subordinate to a monetary award.' " *Martinez v. United States,* 26 Cl.Ct. 1471, 1476 (1992) (quoting *Austin v. United States,* 206 Ct.Cl. 719, 723, 1975 WL 22844 (1975)); *see Miller,* 67 Fed. Cl. at 197 ("This court generally lacks jurisdiction to consider claims alleging violations of statutes that mandate a form [of] relief other than the payment of money.").

■ The only defendant against whom suit may properly be brought in this court is the United States. *United States v. Sherwood,* 312 U.S. 584, 588–89, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Bogart v. United States,* 209 Ct.Cl. 208, 531 F.2d 988, 991 (1976); *Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003). Claims for relief sought against any other party, including officers of the United States and any other individual, "must be ignored as beyond the jurisdiction of the court." *Sherwood,* 312 U.S. at 588, 61 S.Ct. 767.

### III. Preliminary Screening Under 28 U.S.C. § 1915(e)(2)(B)(i)

■ Claims brought in forma pauperis are subject to preliminary screening. The reason for this is that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Section 1915(e)(2)(B)(i) of Title 28 of the United States Code applies to bar claims brought pursuant to 28 U.S.C. § 1915 that are "frivolous." "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Frivolous claims include those "describing fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328, 109 S.Ct. 1827. Upon finding a claim brought pursuant to 28 U.S.C. § 1915 to be "frivolous," "the court shall dismiss the case." 28 U.S.C. § 1915(e)(2).

### IV. Discussion

#### A. Claims Against Defendants Other Than the United States

Although naming only the United States as the defendant, *see* Compl. 2, plaintiff mentions many other parties who allegedly harmed plaintiff under the set of facts plaintiff alleges, *see id. passim.* This court lacks jurisdiction over claims brought against defendants other than the United States. *Stephenson,* 58 Fed.Cl. at 190. To the extent, therefore, that plaintiff brings his claims against parties other than the United States, the court DISMISSES plaintiff's claims against those parties for lack of jurisdiction.

### B. Plaintiff's Claims

Plaintiff alleges that agents of the United States implanted a transmitting device during a surgical procedure to which plaintiff did not consent. Compl. 4. Plaintiff alleges that defendant widely broadcast plaintiff's private thoughts and also "re-relay[ed] to [plaintiff his] every thought." *Id.* at 6. Plaintiff also alleges that agents of the United States injected chemical substances into plaintiff, producing mind-altering effects. *Id.* at 7–8. Finally, plaintiff alleges that defendant withheld evidence concerning the surgical implantation procedure. *Id.* at 10. Plaintiff sues under various legal theories: solicitation to commit a violent crime, medical malpractice, invasion of privacy, deprivation of rights under color of law, criminal conspiracy, obstruction of justice, public disclosure of private facts or intrusion upon seclusion, defamation, negligent infliction of emotional distress, torture, and tampering with consumer products. *Id. passim.* The claims fall into three categories: tort claims, criminal claims, and a constitutional claim.

### 1. Tort Claims

■ Plaintiff's claims for medical malpractice, invasion of privacy, public disclosure of private facts, intrusion upon seclusion, defamation, negligent infliction of emotional distress, and tampering with consumer products are tort claims. *See Matthews v. United States,* 72 Fed.Cl. 274, 279 (2006) (finding that plaintiff's claims for defamation sound in tort); *Wilson v. United States,* 58 Fed.Cl. 760, 766 (2003) (recognizing medical malpractice to be a tort). The fact situation of an unwelcome surgical procedure which plaintiff describes may state a claim for battery, but such a claim also sounds in tort. This court lacks jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1). Accordingly, the court DISMISSES plaintiff's tort claims.

### 2. Criminal Claims

■ Plaintiff's claims for solicitation to commit a violent crime, criminal conspiracy, obstruction of justice, and torture are crimi-

nal claims. Plaintiff identifies the following statutes as bases for jurisdiction: 18 U.S.C. § 373(a) (solicitation to commit a violent crime); *id.* § 1505 (obstruction of proceedings before departments, agencies, and committees); id. § 2071 (concealment, removal or mutilation of evidence); *id.* § 2340 (definition of torture); *id.* § 1716 (criminalizing the sending of injurious objects through the mail); and *id.* § 1512 (witness tampering). Compl. 12. None of these statutes provides a basis for jurisdiction in this court, however, because this court lacks jurisdiction to adjudicate criminal claims. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994); *see also Matthews,* 72 Fed.Cl. at 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Accordingly, the court DISMISSES plaintiff's claims for solicitation to commit a violent crime, criminal conspiracy, obstruction of justice, and torture for lack of jurisdiction.

### 3. Constitutional Claim

■ Plaintiff alleges that the United States deprived him of rights under color of law. Plaintiff states, "The defendant, acting under color of law, did in its action willfully subject me—a citizen of a protected class—to the deprivation of all rights, privileges, and immunities secured and protected by the Constitution and other laws of the United States." Compl. 5. Plaintiff appears to argue that the First, Fifth, and Fourteenth Amendments to the United States Constitution provide a basis for jurisdiction in this court. *See id.* However, neither the Fifth Amendment Due Process Clause (which contains an equal protection component), which protects plaintiff's right to life and liberty, nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff.[2] *See* U.S. Const. amend. V; *Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997) (finding that the Court of Federal Claims correctly concluded that it lacks jurisdiction over plaintiff's Fifth Amendment Due Pro-

---

**2.** Plaintiff does not allege a claim under the Takings Clause of the Fifth Amendment, over which this court has jurisdiction.

cess claim); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (finding lack of jurisdiction over constitutional claims because none of the provisions alleged mandates the payment of money). The First and Fourteenth Amendments similarly have been found not to provide a basis for jurisdiction in this court. *See Crocker,* 125 F.3d at 1476 (holding that this court lacks jurisdiction over Fourteenth Amendment claims because the Fourteenth Amendment does not mandate the payment of money); *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983) ("[T]he first amendment, standing alone, cannot be so interpreted to command the payment of money.").

Plaintiff also identifies the following statutes as providing a basis for jurisdiction: 18 U.S.C. § 242 (concerning deprivation of rights under color of law) and 42 U.S.C. § 1983 (civil action for deprivation of rights). Compl. 12. A claim for deprivation of rights under color of law does not provide a basis for jurisdiction because the district courts have exclusive original jurisdiction to adjudicate claims alleging violations of civil rights. *See* 28 U.S.C. § 1343(a); *Rogers v. United States,* 14 Cl.Ct. 39, 50, *aff'd,* 861 F.2d 729 (Fed.Cir.1988) (Table) (stating that the United States District Courts have exclusive jurisdiction over civil rights claims). This court also lacks jurisdiction over plaintiff's claim for deprivation of rights under color of law because such a claim does not mandate the payment of money to plaintiff. *See Miller,* 67 Fed.Cl. at 197 ("This court generally lacks jurisdiction to consider claims alleging violations of statutes that mandate a form of relief other than the payment of money."); *see also Unico Servs., Inc. v. United States,* 71 Fed.Cl. 464, 466–67 (2006) (noting that this court lacks jurisdiction to adjudicate claims brought pursuant to 42 U.S.C. § 1983). Nor is plaintiff's claim for deprivation of rights under color of law an incident of and collateral to a claim that would mandate the payment of money to plaintiff. *See*

*Martinez,* 26 Cl.Ct. at 1476 (quoting *Austin,* 206 Ct.Cl. at 723). Absent a money-mandating source, the court lacks jurisdiction to adjudicate plaintiff's claim. *See id.* The court DISMISSES plaintiff's claim for deprivation of rights under color of law for lack of jurisdiction.

**C. Transfer**

■ Although this court lacks jurisdiction to consider the merits of plaintiff's claims, the court considers whether it may transfer plaintiff's claim to another court.[3] *See Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1374–75 (Fed.Cir.2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction). Section 1631 of Title 28 of the United States Code provides, "Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action.." 28 U.S.C. § 1631.

Transfer of plaintiff's claim would not be in the interest of justice because the claim is factually frivolous. Plaintiff's allegations that defendant implanted a transmitting device into plaintiff's brain and broadcast plaintiff's private thoughts is wholly incredible, as is plaintiff's allegation that defendant injected chemical substances into plaintiff's body and exposed plaintiff to "catalyst aerosol fumes" which produce "lethal" and "mind-altering" effects. This court is not aware of any other court in which plaintiff's claim would survive the preliminary screening of 28 U.S.C. § 1915(e), requiring the court to dismiss the claim if it is factually frivolous. *See* 28 U.S.C. § 1915(e); *Denton,* 504 U.S. at 33, 112 S.Ct. 1728; *see also Cruz v. Gomez,* 202 F.3d 593, 596 (2d Cir.2000) (explaining that dismissals under Section 1915(e) are no longer discretionary since enactment of

---

3. Despite the fact that plaintiff has not requested a transfer, the court notes that "the ... court [may] order[] transfer without being asked to do so by either party." *Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1375 (Fed.Cir.2005). The court here considers the possibility because plaintiff is proceeding pro se, *see Skillo v. United*

*States,* 68 Fed.Cl. 734, 743 n. 15 (2005), and because the language contained in the transfer statute, 28 U.S.C. § 1631 (2000) ("shall ... transfer"), "persuasively indicates that transfer, rather than dismissal, is the option of choice," *Britell v. United States,* 318 F.3d 70, 73 (1st Cir.2003).

amendments to the Section in 1996). The court accordingly declines to transfer plaintiff's claim.

### D. Other Motions

Plaintiff has moved for waiver of service for summons, to take judicial notice of the adjudicative facts, and for a writ of certiorari. Because the court dismisses plaintiff's claims for lack of jurisdiction, it deems the motions MOOT.

### V. Conclusion

Plaintiff's application to proceed in forma pauperis is GRANTED for the limited purpose of permitting the court to determine whether jurisdiction is proper. Plaintiff's claims are DISMISSED for lack of jurisdiction. The court declines to transfer plaintiff's claims. Plaintiff's motions for waiver of service for summons, to take judicial notice of the adjudicative facts, and for a writ of certiorari are MOOT. The Clerk of Court shall DISMISS the Complaint and ENTER JUDGMENT for defendant. No costs.

IT IS SO ORDERED.