The MAY COMPANY, INC., et al., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–273L.

United States Court of Federal Claims.

July 30, 1997.

Joseph M. Henry, Jr., Natchitoches, LA, attorney of record, for plaintiff.

Glen R. Goodsell, Washington, DC, attorney of record, for defendant.

## OPINION

REGINALD W. GIBSON, Senior Judge:

## INTRODUCTION

This memorandum opinion addresses Defendant's Motion To Dismiss without prejudice for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Plaintiff, a Louisiana corporation, brought suit on May 5, 1997, in this court against the United States for trespass, other torts, and takings violations. For the reasons stated hereinafter, this court grants defendant's motion to dismiss, without prejudice.

## FACTS

Plaintiff owns approximately one mile of frontage on the west bank of the Lower Cane River near Cloutierville, Louisiana. Due to pervasive erosion of the east bank of the Cane River, the Louisiana Department of Transportation and Development (LA DOT) hired a contractor, Merrick Construction Company (Merrick), to build a revetment to protect the nearby Highway 495. Said revetment work consisted of dirt work and installing stones on the east bank above the low water mark. As a result of the construction of the revetment, the river began to divert to the west affecting plaintiff's property.

Originally, plaintiff had filed its complaint in state court in Louisiana. Defendant then effectively secured removal to the United States District Court for the Western District of Louisiana. Thereafter, on April 11, 1997, through the course of events, a notice was filed transferring the record of the subject case from the aforementioned District Court to the United States Court of Federal Claims. Consequently, on May 5, 1997, plaintiff filed its petition in this court.

In said petition, plaintiff captioned the United States as the sole defendant. However, in the substantive multiple prayers for relief in the petition filed in this court, plaintiff names *only* LA DOT and Merrick as defendants. Also in the prayers for relief, plaintiff seeks relief for—property damages and trespass, mental anguish, anxiety, embarrassment, frustration, taking of private property without just compensation in violation of the Louisiana Constitution and Louisiana Law, reasonable attorney's fees, and for all costs associated with the proceeding.

In response, the Government, on June 24, 1997, filed its motion for dismissal, without prejudice, for failure to state a claim upon which relief can be granted and for lack of

subject matter jurisdiction. In its memorandum supporting its motion to dismiss, the Government asserts that—"the allegations and the prayer for relief do not show the United States as an alleged party defendant. Moreover, nowhere in the petition is there any charge that the United States caused damage to the plaintiff." Def. Mot. To Dismiss, p. 1. The Government emphasized that the only alleged grounds for recovery which plaintiff asserts are against LA DOT and Merrick. Id. at 1–2. Finally, the Government declares that all of plaintiff's allegations sound in tort—an area which is outside of the jurisdiction of this court. Id. at 2.

### DISCUSSION

■ When reviewing the defendant's motion to dismiss pursuant to RCFC 12(b), the court "normally consider[s] the facts alleged in the complaint to be true and correct." Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed.Cir.1988) (citations omitted). However, if the motion to dismiss is for lack of jurisdiction, then the motion "challenges the truth of the jurisdictional facts alleged in the complaint, [and] the . . . court may consider relevant evidence in order to resolve the factual dispute." Id. Also, if the motion to dismiss alleges failure to state a claim, such motion must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).

### I. Failure to State a Claim

■ The Tucker Act, 28 U.S.C. § 1491 (1994), specifically provides that the United States Court of Federal Claims is a court of limited jurisdiction. By said statute, this court only can hear actions that are claims "against the United States." 28 U.S.C § 1491(a)(1). Although the caption literally names the United States as the sole defendant, a cursory reading of the petition and plaintiff's response to defendant's motion to dismiss demonstrates that the United States was not involved in any manner in the alleged river project. In fact, plaintiff plainly

asserts that—"[t]he State of Louisiana, Department of Transportation . . . in July, 1994, hired a contractor, Merrick Construction Co. to do dirt work and install rocks on the bank above the low water mark on the left descending (East bank) bank." Pl. Resp. to Def.'s Mot. To Dismiss, p. 1. Additionally, plaintiff further avers that—"[t]he LA DOT just trespassed and took over without any notice, permission, or studies." Id.

When confronted with the Government's motion to dismiss for failure to state a claim against the United States, plaintiff responds that "[p]laintiff wants to have anyone listed as defendant that had a part in the damages, and thus the [d]efendants should be The U.S. Corps of Engineers, United States of America and Louisiana State Department of Transportation." Id. at 2. However, at no point in either plaintiff's complaint or in plaintiff's response to the motion to dismiss does plaintiff even intimate how the United States or the U.S. Corps of Engineers was or would have been involved in the river project. In testing the legal sufficiency of the complaint at bar, we accept all of plaintiff's material allegations of fact posited in the pleadings as true and construe all such inferences favorable to the pleader. Nevertheless, plaintiff can prove no set of facts in support of its claim that will entitle it to relief. Thus, in the absence of any substantive allegations at all against the United States, this court is constrained to conclude that the river revetment project was merely a local project. As a consequence, plaintiff has no claim against the United States, and dismissal is proper pursuant to RCFC 12(b)(4).

### II. Lack of Jurisdiction

■ Even if plaintiff's complaint would have averred a claim against the United States regarding the tort actions, plaintiff's claim would have been dismissed for lack of jurisdiction pursuant to RCFC 12(b)(1). The Tucker Act specifically provides that an action may be maintained in this court only if it is:

. . . against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or

for liquidated or unliquidated damages *in cases not sounding in tort.*

28 U.S.C. § 1491(a)(1) (1994) (emphasis added). In the instant case, all of plaintiff's allegations, *supra,* sound expressly and unequivocally in tort. Additionally, these tort allegations do not arise out of a contract. In such an event where plaintiff asserts allegations which sound solely in tort, this court has no jurisdiction. *Smithson v. United States,* 847 F.2d 791, 794 (Fed.Cir.1988); *Curry v. United States,* 221 Ct.Cl. 741, 609 F.2d 980, 982–83 (1979). Moreover, the taking allegations are specifically averred to be in contravention of the "Louisiana Constitution and Louisiana Law," and not the United States Constitution.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss under Rule 12(b) for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction is hereby GRANTED, and plaintiff's complaint is hereby dismissed without prejudice. The Clerk shall enter judgment accordingly. No costs.

IT IS SO ORDERED.