James A. FULLARD, Sr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–385C.

United States Court of Federal Claims.

June 22, 2007.

James A. Fullard, Sr., Cumberland, MD, pro se.

### OPINION AND ORDER

SWEENEY, Judge.

Before the court is plaintiff's *pro se* Complaint, seeking copies of documents plaintiff filed in the United States District Court for the District of Maryland ("U.S. District Court of Maryland") in 2003 and materials

from his 2001 criminal trial. Plaintiff alleges that defendants [1] deprived him of his rights under the First, Fifth, Seventh, and Fourteenth Amendments of the United States Constitution, and violated the "Declaration of Rights Articles 21 & 22." [2] Plaintiff also submits an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (2000) (" § 1915"), which will be denied because, as explained below, plaintiff fails to meet the statutory requirements set forth in § 1915 [3] The court deems it unnecessary to await a response from defendant United States regarding plaintiff's Complaint. For the reasons set forth below, the court dismisses plaintiff's Complaint.

## I. BACKGROUND

### A. Factual Background

Plaintiff James A. Fullard, Sr., filed his Complaint [4] in the Court of Federal Claims on June 12, 2007. Although the United States is named as the defendant in the caption, the handwritten Complaint alleges wrongdoing neither by the federal government nor by any other federal entity. Plaintiff asserts first that his attorney, Roland Walker ("Mr.Walker"), lied to plaintiff when he responded to plaintiff's request for a copy of "the transcript" (the court assumes plaintiff is referring to the transcript of his 2001 criminal court proceedings) by informing plaintiff that no transcript existed at the time of their conversation. Complaint ("Compl.") at 2. Plaintiff also makes the following allegations against the Fourth Circuit:

> Plaintiff send [sic] a copy of his habeas corpus unto [sic] the Fourth Circuit which

construed that plaintiff was Appealing *Fullard v. Glendenning*, 03–1979 (D.Md. 2003)[.] Plaintiff is paiding [sic] $350 dollars for this Appeal. When plaintiff try [sic] to explain unto [sic] the court, the court persist [sic] that plaintiff comply with the allege [sic] Appeal, that plaintiff was not pursuing. Then when plaintiff place [sic] an Order to Show Cause on the transcriptionist [sic] October 2003, the Order read *Fullard v. Peguese*, 03–2731 (D.Md. 2003), however, when the district court send [sic] plaintiff an Order to explain the defective [sic] of the transcript, it read *Fullard v. Thelma C. Blackston & James Peguese*, 03–2869 (D.Md.2003).

*Id.*

Plaintiff then accuses Mr. Walker, the Honorable Catherine Blake of the U.S. District Court of Maryland, Clerk of the U.S. District Court of Maryland Felicia Cannon, and "prosecutor for Baltimore City" Patricia Jessamy of conspiring to alter the transcript of plaintiff's 2001 criminal trial and thereby obstructing justice. *Id.* at 3, 5. Plaintiff also includes "Allen Schwait—Circuit Judge" in the list of "Names of Defendant(s)" attached to his Complaint, but the allegations against Judge Schwait are unclear. *Id.* at 5.

### B. Application to Proceed *In Forma Pauperis*

■ As noted above, plaintiff filed a "Motion to Waive Prepayment and Filing Fees and Affidavit" under the Maryland Rules. As the Maryland Rules have no application in this court, plaintiff's request will be construed as an application to proceed *in forma pauperis* under § 1915. Plaintiff's applica-

---

1. While plaintiff's Complaint is styled against the United States, an attached document entitled "Names of Defendant(s)" identifies various individuals as defendants, including, among others, a judge of the U.S. District Court of Maryland, a judge of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), and plaintiff's former attorney from his criminal trial.

2. Because plaintiff resides in the State of Maryland, this court assumes that his citation to the "Declaration of Rights" is a reference to the Maryland constitution.

3. Plaintiff submitted this request in the form of a "Motion to Waive Prepayment and Filing Fees"

under the Maryland rules of procedure. Because these rules do not apply to the United States Court of Federal Claims ("Court of Federal Claims"), this court construes the request as a § 1915 application to proceed *in forma pauperis*.

4. Plaintiff's Complaint is in the form of a handwritten, five-page packet containing an overview of his Complaint, a "case summary" presenting the facts of the Complaint, a page entitled "Relief Sought," and a page entitled "Names of Defendant(s)." Because the five-page packet is not numbered, for the purposes of this Opinion and Order, this court will refer to each page of the Complaint as if it were numbered from "1" to "5."

tion asserts that he is "on segregation and have [sic] insufficient funds to pay the cost which is normally required to be paid."

The pertinent statute, § 1915, permits courts of the United States to waive filing fees or security under certain circumstances. The statute provides in relevant part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without pre-payment of fees or security therefor, by a person who submits an affidavit that in-cludes a statement of all assets such pris-oner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's be-lief that the person is entitled to redress.

(a)(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil ac-tion or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institu-tional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(1)-(2).

Although the statute specifically refers to prisoners as being eligible to proceed *in for-ma pauperis*, plaintiff's application must nev-ertheless be denied. Under § 1915(a)(1), plaintiff was required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security there-for...." Additionally, § 1915(a)(2) requires that plaintiff submit along with his affidavit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint...." Because plaintiff complied with neither re-quirement set forth in § 1915(a), the court denies his application to proceed *in forma pauperis*.

## II. JURISDICTION

### A. *Pro Se* Plaintiff

 A *pro se* plaintiff's complaint, " 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Ker-ner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The test set forth in *Haines v. Kerner* is "not whether the facts alleged in the complaint would entitle the plaintiff to relief. Rather, it is whether the Court can say with assurance on the basis of the complaint that, beyond any doubt, no set of facts could be proved that would entitle the plaintiff to relief." *Estelle v. Gamble*, 429 U.S. 97, 112, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, a *pro se* plaintiff is not excused from meeting basic jurisdictional re-quirements. *Bernard v. United States*, 59 Fed.Cl. 497, 499, *aff'd*, 98 Fed.Appx. 860 (Fed.Cir.), *reh'g denied* (2004). Moreover, the court has no duty to create a claim where a *pro se* plaintiff's complaint is so vague or confusing that one cannot be determined. *See Minehan v. United States*, 75 Fed.Cl. 249, 253 (2007); *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995). This is because an overly confusing or incoherent complaint " 'makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.' " *Scogin*, 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir.1994)).

### B. Standard of Review: Subject Matter Jurisdiction

The subject matter jurisdiction of this court is a threshold matter and must be established before the merits of plaintiff's complaint may be heard because the Su-preme Court has held "in a long and venera-ble line of cases ... that, without proper jurisdiction, a court cannot proceed at all, but

can only note the jurisdictional defect and dismiss the suit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). A challenge to a court's subject matter jurisdiction may be raised at any time by either of the parties, or by the court *sua sponte*. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir. 2004). The party seeking to invoke jurisdiction, not the party challenging it, bears the burden of proving jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In deciding whether to dismiss for lack of subject matter jurisdiction, a court must "consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988). Dismissal for lack of subject matter jurisdiction will be appropriate only if "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted).

### C. The Tucker Act

The Court of Federal Claims is a court of limited jurisdiction. *See Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997). The scope of this court's jurisdiction to entertain claims and grant relief depends upon the extent to which the United States has waived its sovereign immunity. *See United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). In "construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." *Fid. Constr. Co. v. United States*, 700 F.2d 1379, 1387 (Fed.Cir. 1983). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *King*, 395 U.S. at 4, 89 S.Ct. 1501. Therefore, except when Congress consents to a cause of action against the United States, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States." *United States v. Sherwood*, 312 U.S. 584, 587–88, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

The Tucker Act both confers jurisdiction upon the Court of Federal Claims and waives sovereign immunity with respect to certain actions for monetary relief filed against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Under the Tucker Act, sovereign immunity is waived for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). As stated in the Act, the Court of Federal Claims lacks jurisdiction over tort claims.

The Tucker Act itself, however, does not establish a substantive right of recovery. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). "[I]n order for a claim against the United States founded on statute or regulation to be successful, the provisions relied upon must contain language which could fairly be interpreted as mandating recovery of compensation from the government." *Cummings v. United States*, 17 Cl.Ct. 475, 479 (1989), *aff'd*, 904 F.2d 45 (Fed.Cir.1990); *see also Testan*, 424 U.S. at 398, 96 S.Ct. 948 (stating that a "grant of a right of action must be made with specificity.").

## III. DISCUSSION

### A. Improper Parties

It is "well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained." *Nat'l City Bank v. United States*, 143 Ct.Cl. 154, 164, 163 F.Supp. 846 (1958). The jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, … and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588, 61 S.Ct. 767.

Here, the Complaint identifies the United States as the sole defendant, yet all allegations therein are advanced against private parties and state officials. Moreover, the document provided by plaintiff, which purports to identify all defendants against whom plaintiff seeks to assert claims, fails to implicate the federal government. A plaintiff cannot invoke Tucker Act jurisdiction by naming the United States as the defendant in the caption of the Complaint but failing to assert any substantive claims against the United States. *See May Co., Inc. v. United States*, 38 Fed.Cl. 414, 416 (1997) (refusing to allow a plaintiff's complaint against local Louisiana entities to proceed in the Court of Federal Claims simply because the plaintiff listed the United States as the defendant in the caption of the complaint). Here, "although the caption literally names the United States as the sole defendant, a cursory reading of the petition ... demonstrates that the United States was not involved *in any manner*" in any of plaintiff's allegations. *Id.* Because plaintiff's Complaint alleges no substantive claims against the United States, plaintiff's Complaint is dismissed for lack of jurisdiction.

### B. Conspiracy and Obstruction of Justice

Assuming plaintiff had asserted his claims against the United States and not private parties, this court still would lack jurisdiction over plaintiff's claims regarding conspiracy and obstruction of justice. As explained above, the Tucker Act "grant[s] authority to the court only to issue judgments for money against the United States and then, only when a claim is grounded in a contract, a money-mandating statute, or certain provisions of the United States Constitution, including the 'takings clause' of the Fifth Amendment." *Miller v. United States*, 67 Fed.Cl. 195, 197 (2005); *see also* 28 U.S.C. § 1491. This court lacks jurisdiction over plaintiff's conspiracy claim because the Tucker Act specifically states that the Court of Federal Claims does not have jurisdiction over claims "sounding in tort." *Id.* Specifically, "plaintiff's claim for conspiracy ...

sounds in tort because the acts that furthered the goal of the conspiracy themselves sound in tort." *Gant v. United States*, 63 Fed.Cl. 311, 316 (2004). Further, because this court has "no jurisdiction to adjudicate any claims whatsoever under the federal criminal code," this court cannot hear plaintiff's obstruction of justice claim. *Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir. 1994).

### C. Maryland Declaration of Rights

As discussed above, this court's jurisdiction can be no broader than the Tucker Act's grant. Because the Tucker Act does not provide this court jurisdiction over claims arising under the Maryland state constitution, this court lacks jurisdiction over plaintiff's claim that he was deprived of his rights under the Maryland Declaration of Rights, Articles 21 and 22.

### D. Deprivation of First, Fifth, Seventh, and Fourteenth Amendment Rights

Plaintiff also asserts that he has been deprived of his First, Fifth,[5] Seventh and Fourteenth Amendment rights under the United States Constitution. His reliance is misplaced because these constitutional provisions are not money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995); *see also United States v. Connolly*, 716 F.2d 882, 887 (Fed.Cir.1983) (ruling that First Amendment claims "standing alone, cannot be so interpreted to command the payment of money"). Similarly, the Seventh Amendment's guarantee of a right to trial by jury is not money-mandating. *See Smith v. United States*, 2004 WL 2778678, at *3 (Fed.Cl. Nov.30, 2004). Thus, this court lacks jurisdiction over plaintiff's claims.

### IV. CONCLUSION

Accordingly, based on the foregoing,

**IT IS SO ORDERED**, as follows:

1. **Plaintiff's application to proceed *in forma pauperis* is DENIED.**

---

5. Because plaintiff does not allege facts to support a taking under the Fifth Amendment, the court assumes that plaintiff refers to the Due Process Clause of the Fifth Amendment.

2. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall not accept any further filings from plaintiff without first consulting with the undersigned.