NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**EDMOND GEORGE PARENTEAU, WILLIAM HERCULES DAVIS, JR., REVETTE MARCELLA HARVEY, MARC DAVID WISHENGRAD, AMY MERCURY,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2024-2140

———————————

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00736-KCD, Judge Kathryn C. Davis.

———————————

Decided: May 6, 2025

———————————

EDMOND GEORGE PARENTEAU, I, Guilford, NY, pro se.

WILLIAM DAVIS, JR., Morehead, NC, pro se.

REVETTE MARCELLA HARVEY, Riverdale, GA, pro se.

MARC DAVID WISHENGRAD, New York, NY, pro se.

AMY MERCURY, Amherst, MA, pro se.

ALEXANDER BREWER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

———————————

PER CURIAM.

Edmond G. Parenteau, William H. Davis, Jr., Revette M. Harvey, Marc D. Wishengrad, and Amy Mercury (collectively, "appellants") filed complaints in the United States Court of Federal Claims (Claims Court) seeking injunctive relief prohibiting state enforcement of traffic laws against them, as well as $6,000,000 in damages each. The Claims Court dismissed the complaints for lack of subject-matter jurisdiction. Memorandum Opinion and Order at 1, *Parenteau v. United States*, No. 24-736 (Fed. Cl. June 18, 2024), ECF No. 5 (*Opinion*). On appeal, we affirm.

I

On May 7, 2024, appellants filed complaints in the Claims Court alleging that they were unlawfully subjected to traffic enforcement in several states: New York, New Jersey, Georgia, North Carolina, and Massachusetts.[1] Complaint at 2, *Parenteau v. United States*, No. 24-736 (Fed. Cl. May 7, 2024), ECF No. 1 (*Complaint*); Government Supplemental Appendix (S. Appx.) 1–2. Referring to state departments of motor vehicles (DMVs), appellants requested an injunction against the United States and various "State[] Instrumentalit[ie]s such as DMV Departments" to prevent enforcement of "corporate DMV

———————————

[1] The complaints contain "both joint and separate allegations . . . for each [appellant]." *Opinion*, at 1 n.1. We cite primarily to Mr. Parenteau's complaint, which is the "most inclusive of the five." *Id.* at 5.

statutes, codes[,] and regulations," *Complaint*, at 2, as well as $6,000,000 in damages for each appellant, *id.* at 8. The complaints refer to occasions on which appellants were fined or arrested by state government officials in connection with asserting their "right to freely travel without interference as one exempt from all DMV statutory [a]uthority and jurisdiction." *See, e.g., id.* at 7–8.

The Claims Court dismissed the complaints sua sponte for lack of subject-matter jurisdiction on June 18, 2024, under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. *Opinion*, at 1; *see also* Judgment at 1, *Parenteau v. United States*, No. 24-736 (Fed. Cl. June 20, 2024), ECF No. 6. The Claims Court identified three bases for dismissing the complaints: (1) appellants' claims did not involve actions of the United States, *Opinion*, at 4; (2) appellants did not identify "a money-mandating source of law that could provide a basis for an award of damages," *id.* at 5; and (3) appellants sought injunctive relief that was not "tied and subordinate to" a money judgment, *id.* at 6. *See* 28 U.S.C. § 1491(a)(1)–(2).

Appellants filed a timely appeal to this court, *see* 28 U.S.C. § 2522, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

II

This court reviews the Claims Court's legal conclusions de novo and its factual findings for clear error. *Bannum, Inc. v. United States*, 779 F.3d 1376, 1379 (Fed. Cir. 2015). We review the Claims Court's determination of its own jurisdiction in this case without deference because "the Claims Court based its ruling on the motion [to dismiss] entirely on unchallenged jurisdictional facts and did not adjudicate any challenges to jurisdictional allegations of fact." *Ravi v. United States*, 104 F.4th 1359, 1363 (Fed. Cir. 2024) (internal citations omitted); *see also Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

The Tucker Act, 28 U.S.C. § 1491(a)(1)–(2), grants the Claims Court jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see Abbey v. United States*, 745 F.3d 1363, 1368–69 (Fed. Cir. 2014). "[T]he Tucker Act constitutes a waiver of sovereign immunity with respect to those [specified] claims," but "does not create substantive rights, which must be found in other sources of law, like statutes or contracts." *Ravi*, 104 F.4th at 1363 (internal quotation marks omitted) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Maine Community Health Options v. United States*, 590 U.S. 296, 322 (2020)).

Of the three bases for the Claims Court's dismissal, appellants do not challenge the third: *i.e.*, they do not challenge the dismissal of claims for injunctive relief. Appellants challenge only the Claims Court's rationales that appellants' claims did not involve actions of the United States and that appellants did not identify a money-mandating source of law. *See* Parenteau Informal Br. at 1–7.[2] We address those challenges in turn.

A

The Claims Court's jurisdiction under the Tucker Act requires that claims be "against the United States." 28 U.S.C. § 1491(a)(1); *see United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States[,] the suit as to them must be

---

[2]    Citations are to Mr. Parenteau's Corrected Opening Brief, ECF No. 161. The corresponding briefs of the other appellants are materially identical. *See* ECF Nos. 162–64, 167.

ignored as beyond the jurisdiction of the court."). To meet this requirement, there must be "substantive allegations" against the United States: It is insufficient, without more, that the plaintiff "literally name[] the United States as the sole defendant." *May Co., Inc. v. United States*, 38 Fed. Cl. 414, 416 (1997); *cf. Beauvais v. United States*, No. 24-1353, 2024 WL 2860170, at \*1 (Fed. Cir. June 6, 2024) (nonprecedential) (no subject-matter jurisdiction where complaint "list[ed] the United States" but allegations related only to other entities); *Jaye v. United States*, 781 F. Appx. 994, 998 (Fed. Cir. 2019) (nonprecedential) (same); *Doiban v. United States*, 173 Fed. Cl. 527, 535–36 (2024) (collecting cases). Such allegations are essential for the claim of liability of the United States to be non-frivolous, a requirement for jurisdiction. *See Columbus Regional Hospital v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021) (no jurisdiction over frivolous allegation within a Tucker Act category).

Appellants argue that they "did in fact assert allegations against the United States," Parenteau Informal Br. at 5, but the content of appellants' complaints indicates that there are no "substantive allegations" against the United States. *May*, 38 Fed. Cl. at 416; *see Brazos Electric Power Cooperative, Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1988) ("[W]e customarily look to the substance of the pleadings rather than their form."). The Claims Court correctly explained that "each [appellant's] factual allegations concern . . . incident(s) where state entities or officials enforced traffic laws against him or her" and "d[id] not involve actions of the United States." *Opinion*, at 4. There are no non-frivolous allegations that make the United States liable.

B

To come within the Claims Court's jurisdiction under the Tucker Act, appellants' claims must be founded in a "money-mandating source" of substantive law. *See Fisher v. United States*, 402 F.3d 1167, 1172–73 (Fed. Cir. 2005)

("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." (citing *Mitchell*, 463 U.S. at 216)); 28 U.S.C. § 1491(a)(1). Appellants have not met this requirement.

Appellants argue that the Takings Clause of the Fifth Amendment of the Constitution provides the requisite money-mandating source of substantive law. *See* Parenteau Informal Br. at 5. This argument must fail for at least two reasons. First, appellants do not explain why the Takings Clause applies to their claims. Second, they did not plead a takings claim to the Claims Court, *see Complaint*, at 1–10, and a claim not properly presented in the trial court is forfeited, *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1354–55 (Fed. Cir. 2011) (citations omitted).

Appellants also argue that 15 U.S.C. § 1125, a provision of the Lanham Act, provides the requisite money-mandating source of substantive law. Parenteau Informal Br. at 5. But district courts, not the Claims Court, have jurisdiction over "all actions arising under" the Lanham Act. *See* 15 U.S.C. § 1121(a); *Proxtronics Dosimetry, LLC v. United States*, 128 Fed. Cl. 656, 672 (2016) ("It is an unremarkable proposition that the Court of Federal Claims lacks jurisdiction over Lanham Act claims."). Because the Lanham Act names the district courts as the proper federal forum, the Claims Court lacks Tucker Act jurisdiction. *See United States v. Bormes*, 568 U.S. 6, 11–13 (2012).

## III

We have reviewed the remainder of appellants' arguments in their various filings and find them unpersuasive. We affirm the Claims Court's decision to dismiss appellants' claims for lack of subject-matter jurisdiction.

The parties shall bear their own costs.

**AFFIRMED**