NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5113

NIRA SCHWARTZ WOODS
(doing business as Jaffa Optronix),

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: December 8, 2004

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

## DECISION

Appellant Nira Schwartz Woods appeals from the judgment of the Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Woods v. United States, No. 03-789C (Fed. Cl. Feb. 17, 2004). We affirm.

## BACKGROUND

In 1996, Dr. Schwartz (the name by which the appellant refers to herself in the pleadings in this court and in the Court of Federal Claims) brought a qui tam action on

behalf of herself and the United States in the United States District Court for the Central District of California under the False Claims Act (FCA), 31 U.S.C. § 3729 et seq. The complaint alleged that TRW, Inc., and Boeing North America committed fraud in the process of choosing contractors to develop an Exoatmospheric Kill Vehicle for the government's National Missile Defense Program. United States ex rel. Schwartz v. TRW, Inc., No. CV-96-3065 (C.D. Cal. Apr. 29, 1996). Dr. Schwartz filed a second qui tam action in the same court in 2001, this time against Raytheon Company. United States ex rel. Schwartz v. Raytheon Co., No. CV-01-4937 (C.D. Cal. June 4, 2001). The United States initially declined to intervene in either case, and Dr. Schwartz moved forward with the litigation on her own. However, the United States eventually moved to intervene in both cases in order to assert the state secret privilege and to move to dismiss the FCA claims. The district court granted the government's motion to intervene and dismissed both FCA claims. The court, however, allowed Dr. Schwartz's wrongful discharge claim against TRW to go forward.

In response to the government's conduct in the qui tam cases, Dr. Schwartz initiated the present case in the Court of Federal Claims pro se. Dr. Schwartz alleged that the government negotiated a settlement with Boeing that it concealed from Dr. Schwartz, which deprived her of her right to recover from the qui tam litigation. She also alleged that the government moved to dismiss the TRW litigation because the government's cost of litigating the suit would exceed the amount of the settlement offer, again depriving her of any chance for recovery. Further, Dr. Schwartz alleged that the failure to pursue the suit against Boeing harmed national security and that the

government "blackball[ed]" Dr. Schwartz in order to get the qui tam actions dismissed so as to cover up illegal government activities.

To remedy those abuses, Dr. Schwartz asked the Court of Federal Claims for several forms of relief. First, she asked for an injunction directing the government to remove what she referred to as the "fraudulent technologies" being developed by Boeing and TRW. Second, she asked for damages for the government's breach of an implied covenant of good faith and fair dealing and for breach of her rights as relator in both qui tam actions. Third, she asked for damages for being "black-balled" and for defamation of character. Fourth, she asked for damages from the government for endangering national security by permitting what she referred to as false and fraudulent technology to be used in the National Missile Defense Program. Finally, she asked for punitive damages.

The court granted the government's motion to dismiss all claims on February 17, 2004, and entered final judgment on the following day. With regard to the claim of governmental breach of an implied covenant of good faith and fair dealing, the court ruled that Dr. Schwartz had not stated a claim upon which relief could be granted. The court dismissed the rest of the claims for lack of subject matter jurisdiction.

On February 25, 2004, Dr. Schwartz filed a motion for reconsideration. In the motion, she claimed that she was denied due process because the government did not file an answer to her complaint, because the court dismissed the suit without giving her the opportunity to respond, and because the court did not allow her to submit her response to the government's motion to dismiss on a compact disk. Additionally, Dr. Schwartz argued that the court erred in dismissing her claims for lack of jurisdiction and

04-5113                                    3

for failure to state a claim upon which relief could be granted. The court denied the motion for reconsideration.

Dr. Schwartz filed a second motion for reconsideration on March 31, 2004. In that motion, she argued that the Court of Federal Claims erred by not taking into consideration an earlier ruling by the district court in the TRW case. The Court of Federal Claims held that the second reconsideration motion was untimely and that even if the motion had been timely, the district court's ruling in TRW would have had no effect on the court's dismissal order.

DISCUSSION

On appeal, Dr. Schwartz argues that the Court of Federal Claims was wrong in ruling that it did not have subject matter jurisdiction over several of her claims. Specifically, she contends that the court had jurisdiction to hear the claims for damages from the government's black-balling and defamation, for punitive damages, and for damages from the government's endangerment of national security. In doing so, Dr. Schwartz confuses the evidentiary burden needed to prove each cause of action with the requirement for subject matter jurisdiction. The Court of Federal Claims is a court of limited jurisdiction, and claims sounding in tort, such as defamation, are outside the jurisdiction of the court. Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). Moreover, Dr. Schwartz's claim against the government for endangering national security by permitting fraudulent technology to be used in the Nation Missile Defense Program is directly tied to the qui tam actions in district court, and the Court of Federal Claims has no jurisdiction to adjudicate substantive issues arising under the FCA. LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995). And even if the trial

04-5113                                    4

court had jurisdiction over any of her asserted claims, it would not have had the power to grant punitive damages, as she requested. Vincin v. United States, 468 F.2d 930, 932 (Ct. Cl. 1972). Thus, regardless of what evidence Dr. Schwartz may have, the Court of Federal Claims is not the proper forum to press those claims.

Dr. Schwartz next argues that the trial court should not have dismissed her claim against the government for breach of an implied covenant of good faith and fair dealing. She claims that the court erred in requiring that she demonstrate the existence of a contract with the government in order for that claim to go forward. Rather, she states that the filing of a qui tam action creates an implied contract with the government under which the government is bound by a covenant of good faith and fair dealing. Any such implied contract, however, does not arise from "a meeting of the minds," but arises only from an imputed promise to perform a legal duty. See Hercules, Inc. v. United States, 516 U.S. 417, 424 (1996). As such, it is a contract implied in law and cannot form the basis for jurisdiction in the Court of Federal Claims under 28 U.S.C. §1491(a)(1). Trauma Service Group v. United States, 104 F.3d 1321, 1324 (Fed. Cir. 1997).

Dr. Schwartz also argues that the Court of Federal Claims abused its discretion in denying her second motion for reconsideration because the district court's grant of partial summary judgment in TRW directly impacted the present case. That argument fails for several reasons. First, as the trial court noted, the second motion for reconsideration was untimely because it was filed more then ten days after the court's final judgment on February 18, 2004. Rules of the Court of Federal Claims 59(b). Moreover, as the trial court also ruled, even if the motion had been timely, Dr. Schwartz did not show how the district court's grant of partial summary judgment was relevant to

the present case. Dr. Schwartz suggests that the district court's ruling somehow binds the government to pay her $1.6 million. The district court's ruling, however, does no such thing. It states only that the plaintiff has admitted in the wrongful termination suit against TRW that there are other sources of income the plaintiff could have received during the relevant time period. We agree with the trial court that this finding does not appear to be material to this case.

Finally, we have examined Dr. Schwartz's contentions that she was denied due process by the Court of Federal Claims, and we find those contentions to be entirely without merit.