NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5063

NIRA SCHWARTZ WOODS,
(doing business as Jaffa Optronix),
and
RICHARD WOODS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  July 6, 2005

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Appellants Nira Schwartz Woods and Richard Woods[*] appeal the judgment of the

United States Court of Federal Claims dismissing their complaint for lack of subject

matter jurisdiction and for failure to state a claim upon which relief can be granted.

<u>Woods v. United States</u>, No. 03-37C (Fed. Cl. Dec. 29, 2004).  We <u>affirm</u>.

---

[*]     The nature of Richard Woods' claims and his standing in this action are
not explained or separately argued in this appeal.  It is therefore assumed that his
claims are related to and rise or fall with those of Nira Schwartz Woods.

BACKGROUND

Nira Schwartz Woods ("Dr. Schwartz") brought a qui tam action on behalf of herself and the United States in the United States District Court for the Central District of California under the False Claims Act, 31 U.S.C. § 3729 et seq. The complaint alleged that TRW, Inc. and Boeing North America committed fraud in the process of choosing contractors to develop an Exoatmospheric Kill Vehicle for the government's National Missile Defense Program and that TRW wrongfully discharged her. Dr. Schwartz later filed a second qui tam action in the same court against Raytheon Company. The United States initially declined to intervene in either case, and Dr. Schwartz moved forward with the litigation on her own. However, the United States eventually moved to intervene in both cases in order to assert the state secret privilege and to move to dismiss the False Claims Act claims. The district court granted the government's motion to intervene and dismissed both False Claims Act claims. The court, however, allowed Dr. Schwartz's wrongful discharge claim against TRW to go forward. A jury later found for TRW on the wrongful discharge claim.

In response to the government's conduct in the qui tam case, Dr. Schwartz, acting pro se, filed a separate action in the Court of Federal Claims, alleging, inter alia, that the government had numerous wrongful motives in moving to dismiss the qui tam litigation, which deprived her of her right to recover from any resulting damage award or settlement of that litigation. The Court of Federal Claims granted the government's motion to dismiss some claims for failure to state a claim upon which relief could be granted and the remainder for lack of subject matter jurisdiction. This court affirmed the

Court of Federal Claims' dismissal. <u>Woods v. United States</u>, 122 Fed. Appx. 989 (Fed. Cir. 2004).

Appellants then filed the present action in the Court of Federal Claims, alleging that while Dr. Schwartz participated in the TRW litigation, a Department of Justice trial attorney assigned to represent the United States entered into and later breached an oral agreement whereby the government would allegedly compensate Dr. Schwartz for her work as an expert consultant in connection with the TRW litigation. Appellants also claim that since the Department of Justice trial attorney promised the appellants that the United States would intervene in the TRW litigation under the False Claims Act and that the agreement was ratified by the government through various actions, the breach of this alleged agreement entitled the appellants to specific performance, as well as compensatory and punitive damages. The appellants' final set of claims allege misappropriation of intellectual property and copyright infringement based on the above alleged breach of contract claims. The Court of Federal Claims granted the government's motion to dismiss certain claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC") and others for failure to state a claim upon which relief can be granted under RCFC 12(b)(6) as to the remaining claims. <u>Woods v. United States</u>, No. 03-37C (Fed. Cl. Dec. 29, 2004).

Appellants timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Whether the Court of Federal Claims possesses subject matter jurisdiction is a question of law subject to <u>de novo</u> review. <u>W. Co. v. United States</u>, 323 F.3d 1024,

1029 (Fed. Cir. 2003). We review the Court of Federal Claims' dismissal for failure to state a claim upon which relief may be granted as a question of law subject to <u>de novo</u> review. <u>Adams v. United States</u>, 391 F.3d 1212, 1218 (Fed. Cir. 2004). In the absence of factual disputes, contract formation presents a question of law, reviewable <u>de novo</u>. <u>See</u> <u>Trauma Serv. Group v. United States</u>, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

On appeal, appellants first argue that the Court of Federal Claims failed to take into account an order from the district court in Dr. Schwartz's wrongful termination action against TRW that appellants contend held that they "earned $1.6 million dollar [sic] consulting the government." Appellants contend that this order establishes the government's liability for this claim. However, the district court's order merely stated, "Plaintiff herself admits that in substantially similar employment she earned $47,582 from Twentieth Century Plastics and $1.6 million from the United States Government (whether or not she was paid)." <u>United States ex rel. Schwartz v. TRW, Inc.</u>, No. CV96-3065, slip op. at 2 (C.D. Cal. Feb. 9, 2004). The district court order in no way held that the government was liable to appellants for $1.6 million. Rather, the district court's order simply accepted Dr. Schwartz's admission that the government owed her this amount for performance of services after she was terminated by TRW. The district court used that admission against Dr. Schwartz in granting partial summary judgment as to the quantity of mitigation of any damages TRW might owe Dr. Schwartz for back pay as a result of the alleged wrongful termination. <u>See</u> Fed. R. Evid. 801(d)(2) (indicating that party admissions are not hearsay); Fed. R. Civ. P. 56(c) (providing for summary judgment when the evidence indicates that there is no genuine issue as to any material fact). Dr. Schwartz's admission cannot be used against the government as it can

against her. The district court's use of Dr. Schwartz's own admission against her provides no more evidence in this action than the bare allegations in appellants' complaint. Thus, the district court's order has no bearing on this case.

Appellants next contend that the Court of Federal Claims failed to take into account the jury verdict rendered in Dr. Schwartz's wrongful termination action. They argue that the jury found that Dr. Schwartz was not a whistleblower and that the Court of Federal Claims improperly found that she was. However, nowhere in its opinion did the Court of Federal Claims find that Dr. Schwartz was a whistleblower, nor did it rely on such a fact in rendering its decision. Thus, the jury verdict is irrelevant to the Court of Federal Claims' decision.

Appellants next cite a number of examples of alleged bias in favor of the government and against appellants. In particular, appellants note that the Court of Federal Claims considered the government's motion to dismiss under RCFC 12(b)(6) even though the government requested application of RCFC 12(b)(4). By contrast, appellants contend that the Court of Federal Claims repeatedly rejected appellants' filings as untimely and refused to allow appellants to amend their complaint in view of the district court's February 9, 2004 order and the jury verdict. Appellants do not cite what error resulted from the alleged bias other than dismissal of their claims in general. This court has previously said that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" Charron v. United States, 200 F.3d 785, 789 (Fed. Cir. 1999) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Moreover, the Court of Federal Claims' failure to allow appellants to amend their complaint in view of the district court's February 9, 2004 order and the jury verdict was not error because the

order and the jury verdict have no bearing on this action. Additionally, appellants have not shown that the Court of Federal Claims abused its discretion in rejecting their late-filed pleadings.

Appellants' remaining arguments have been considered and are without merit.

CONCLUSION

For the reasons set forth herein, we <u>affirm</u> the Court of Federal Claims' dismissal of appellants' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.