NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MATTHEW J. NASUTI,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5151

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00398-EJD, Judge Edward J. Damich.

---

**ON MOTION**

---

Before LOURIE, MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

Matthew J. Nasuti appeals from the judgment of the United States Court of Federal Claims ("Claims Court") that dismissed his complaint for failure to state a claim upon which the court could grant relief.  Because we find

that determination was clearly correct, we grant the Government's motion to summarily affirm.

## BACKGROUND

The False Claims Act ("FCA"), 31 U.S.C. § 3729-33, prohibits submitting false or fraudulent claims for payment to the United States, § 3729(a), and authorizes *qui tam* suits, in which private parties bring civil actions in the Government's name, § 3730(b)(1). After a relator initiates suit, the government may, notwithstanding the objection of the relator, seek dismissal after a hearing. § 3730(c)(2)(A).

In July 2010, Nasuti, a member of the New York state bar, brought a *qui tam* action in the federal district court in Massachusetts. The Government elected not to intervene and, along with the other defendants in the case, moved for dismissal. On March 27, 2014, concluding, in relevant part, that an individual who was not a member of the state bar and had not sought or received *pro hace vice* admission could not maintain a *qui tam* suit, the district court granted those motions.[*]

On May 9, 2014, Nasuti filed the underlying complaint at the Claims Court, alleging a breach of contract and effective taking of his property interest by the Government in the FCA suit. The complaint asserts in pertinent part that the Government breached its obligations of good faith and fair dealing by undermining and interfering with his prosecution of the FCA action, and seeks $2.6 million in damages—the amount he sought for himself in his FCA complaint.

---

[*] Nasuti's appeal from the district court's dismissal ruling is currently on appeal before the United States Court of Appeals for the First Circuit. *See* Notice of Appeal, *Nasuti v. Savage Farms, Inc.*, No. 14-1362 (1st Cir. Apr. 10, 2014).

On July 31, 2014, the Government moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which the court could grant relief. The Government argued that Nasuti alleged a purported implied-in-law contract that was beyond the scope of the court's limited jurisdiction. It also asserted Mr. Nasuti had no legally cognizable property interest in the *qui tam* action.

On September 4, 2014, the Claims Court granted the Government's motion. *Nasuti v. United States*, No. 14-398C (Fed. Cl. Sept. 4, 2014), ECF No. 10. The court concluded that the FCA did not create a contract that fell within the scope of Tucker Act jurisdiction. The court also concluded that, because the Government alone owned the *qui tam* claim, no taking occurred when the district court dismissed Nasuti's FCA claim. This appeal followed.

## DISCUSSION

We review de novo a decision to dismiss a complaint for failure to state a claim. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). To avoid dismissal, a complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing of entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). On a motion for summary disposition, we affirm when "no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Applying those standards, we grant the Government's motion.

*LeBlanc v. United States*, 50 F.3d 1025 (Fed. Cir. 1995) points the way toward a straightforward resolution of this appeal. There, after the appellant's *qui tam* action was dismissed on the pleadings, he brought suit at the Claims Court, seeking a portion of an alleged settlement. *Id.* at 1027. The Claims Court, finding that it lacked jurisdiction under the Tucker Act, dismissed the complaint. *Id.* We affirmed, because the FCA could not

create "a substantive right to receive a portion of the proceeds" when "the district court found and the First Circuit confirmed, that [the appellant] was not a proper relator[.]" *Id.* at 1030.

*LeBlanc* makes clear that Nasuti's complaint fails to allege a plausible theory of relief. As explained in *LeBlanc*, for a plaintiff like Nasuti to recover, the Claims Court would be required to determine that he had a valid *qui tam* claim. *See id.* at 1031 ("[T]o prove that he was injured . . . would require the court to determine that [plaintiff] had a valid *qui tam* suit under the False Claims Act."). Because Nasuti did not receive a favorable judgment on the validity of his FCA claim, and because the Claims Court "has no authority to make [such] determination," *id.*, Nasuti cannot prevail on his Tucker Act claims.

That holds true even in light of Nasuti's allegations that the Government improperly interfered with his right to bring the *qui tam* claim. As we explained in rejecting this argument in *LeBlanc*, "these are tort claims, over which the Court of Federal Claims has no jurisdiction." *Id.* at 1030. We have likewise explained, albeit in an unpublished opinion, that the filing of a *qui tam* action does not give rise to any contractual obligation of good faith and fair dealing enforceable under the Tucker Act. *Wood v. United States*, 122 Fed. Appx. 989, 991 (Fed. Cir. 2004).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The judgment of the Court of Federal Claims is affirmed.

(2) Each side shall bear its own costs.

(3) All pending motions are denied as moot.

NASUTI v. US                                                  5

                                        FOR THE COURT

                                        /s/ Daniel E. O'Toole
                                        Daniel E. O'Toole
                                        Clerk of Court

s19