NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AUDREY S. WAGSTAFF,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5136

---

Appeal from the United States Court of Federal Claims in No. 1:11-cv-00466-SGB, Judge Susan G. Braden.

---

Decided: December 9, 2014

---

AUDREY S. WAGSTAFF, of San Antonio, Texas, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before TARANTO, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Audrey Wagstaff appeals from an order of the Court of Federal Claims that denied relief from two prior judgments. We affirm.

## BACKGROUND

From January 1991 to February 1993, Ms. Wagstaff signed six promissory notes to a lender in exchange for receiving loans to attend a university, with the United States ultimately guaranteeing repayment of those notes. Complaint, Exs. 1–6, *Wagstaff v. United States*, No. 11-466C (Fed. Cl. July 18, 2011) (*Complaint*). In the years that followed her graduation, she failed to make payments on her loans. The Department of Education was then assigned the right to seek repayment, and it did so through administrative proceedings, which resulted in offsets to Ms. Wagstaff's federal income tax refunds and a garnishment of her wages. Ms. Wagstaff has since sued the Department multiple times, in both state and federal court, to enjoin the offsets and the garnishment and to recover damages.

Ms. Wagstaff filed her present complaint on July 18, 2011. She claimed that the Department's actions constituted an unlawful debt-collection practice, a physical taking, a regulatory taking, and a violation of her Fifth Amendment right to due process. *Complaint* ¶¶ 146–64. She later recast her takings claims to assert that the garnishment constituted an illegal exaction. The government promptly moved to dismiss, and the Court of Federal Claims dismissed all claims but the claim that the garnishment was an illegal exaction. *Wagstaff v. United States*, 105 Fed. Cl. 99, 113 (2012). It warned Ms. Wagstaff that her claim would not survive summary judgment unless she submitted evidence that the six

promissory notes were legally invalid or not properly assigned to the United States. *Id.*

When Ms. Wagstaff failed to submit any such evidence, the Court of Federal Claims granted summary judgment rejecting the illegal-exaction claim. *Wagstaff v. United States*, 111 Fed. Cl. 754, 765 (2013). It entered judgment on August 1, 2013. Ms. Wagstaff failed to file a notice of appeal within 60 days of the judgment (*i.e.*, by September 30, 2013), as required for a timely appeal. *See* Fed. R. App. Pro. 4; 28 U.S.C. § 2107(b). She did, however, eventually submit to the Court of Federal Claims two sets of post-judgment filings—the first in early October 2013, the second in February 2014.

The October 2013 filings relate to a notice of appeal of the August 1, 2013 judgment that the garnishment was not an illegal exaction. The filings consisted of a motion to extend the time for filing a notice of appeal, accompanied by a notice of appeal in the event that the requested extension was denied. On October 9, 2013, the Court of Federal Claims rejected both filings as untimely.

The February 2014 filings were two motions for relief. The first was a motion for relief from the order rejecting the October 2013 notice-of-appeal filings. First Motion for Relief from Judgment, *Wagstaff*, No. 11-446C (Fed. Cl. Feb. 24, 2014) (*First Motion for Relief*). The second was a motion for relief from the August 1, 2013 judgment. Second Motion for Relief from Judgment, *Wagstaff*, No. 11-446C (Fed. Cl. Feb. 24, 2014) (*Second Motion for Relief*). The motions invoked Rule 60 of the Rules of the Court of Federal Claims. Ultimately, the Court of Federal Claims denied both motions, considering the first under both Rules 59 and 60 and the second under Rule 60. *Wagstaff v. United States*, 118 Fed. Cl. 172, 180 (2014).

Ms. Wagstaff has appealed the denial of her February 2014 motions. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the denial of motions under Rule 59 and 60 for abuse of discretion. *Entergy Nuclear FitzPatrick, LLC v. United States*, 711 F.3d 1382, 1386 (Fed. Cir. 2013); *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1376 (Fed. Cir. 2002). "An abuse of discretion exists when, *inter alia*, the lower court's decision was based on an erroneous conclusion of law or on a clearly erroneous finding of fact." *Matos ex rel. Rivera v. Sec'y of the Dep't of Health & Human Servs.*, 35 F.3d 1549, 1552 (Fed. Cir. 1994) (internal quotation marks and citation omitted).

A

Ms. Wagstaff first appeals the refusal of the Court of Federal Claims to disturb its October 9, 2013 order denying her notice-of-appeal motions. Because Ms. Wagstaff failed to comply with the relevant timing requirements, we hold that the Court of Federal Claims did not abuse its discretion in denying reconsideration of or relief from its October 9, 2013 order.

A motion under Rule 59 must typically be filed within 28 days of the entry of judgment. RCFC 59(b)(1). An exception exists when there is satisfactory evidence of fraud, wrong, or injustice, in which case the motion must be filed within two years of the final disposition of the suit. RCFC 59(b)(2). There being no evidence of fraud, wrong, or injustice here, Ms. Wagstaff had at most until November 6, 2013, to seek Rule 59 reconsideration of the October 9, 2013 order. She failed to do so, instead waiting until February 24, 2014. The Court of Federal Claims did not abuse its discretion in refusing to ignore her 110-day tardiness. *See, e.g.*, *Woods v. United States*, 122 F. App'x 989, 991 (Fed. Cir. 2004) (holding that the Court of Federal Claims did not abuse its discretion in denying as untimely a 10-day-late pro se motion for reconsideration).

As to Rule 60, Ms. Wagstaff failed to prove any ground for relief authorized by that rule. The only applicable provision is Rule 60(b)(1), which authorizes relief for "mistake, inadvertence, surprise, or excusable neglect," *id.*, including "judicial error." *Patton v. Sec'y of Dep't of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). The Court of Federal Claims, however, made no error in rejecting Ms. Wagstaff's notice of appeal for untimeliness. If one of the parties to a suit is the United States or an agency of the United States, the notice of appeal must be filed within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B); *see also* 28 U.S.C. § 2107(b). Here, judgment was entered on August 1, 2013, so Ms. Wagstaff's appeal time ran out on September 30, 2013. But she waited until October 7, 2013, seven days after the deadline, to file her notice. Because Ms. Wagstaff made no showing of "excusable neglect or good cause," Fed. R. App. P. 4(a)(5)(A), that would have allowed the late notice, *see First Motion for Relief*, the Court of Federal Claims did not abuse its discretion in refusing to grant relief. *See Quintin v. United States*, 746 F.2d 1452, 1453–54 (Fed. Cir. 1984).

## B

Ms. Wagstaff also appeals the refusal of the Court of Federal Claims, under Rule 60, to disturb its August 1, 2013 judgment that the garnishment was not an illegal exaction.[1] Rule 60(b) enumerates the following relevant grounds for relief:

---

[1] Although Ms. Wagstaff does not appear to argue on the basis of Rule 59, *see* Notice of Appeal at 1, *Wagstaff*, No. 11-466C (Fed. Cl. Aug. 13, 2014), the Court of Federal Claims did not abuse its discretion in not granting reconsideration of the August 1, 2013 judgment. Given that Ms. Wagstaff's February 24, 2014 motion

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

. . .

(6) any other reason that justifies relief.

Because Ms. Wagstaff did not adequately prove any of these grounds, we hold that the Court of Federal Claims did not abuse its discretion in denying relief from its August 1, 2013 judgment.

As to the first ground, mistake, the Court of Federal Claims did not abuse its discretion in finding no error in its previous determination that Ms. Wagstaff identified no evidence of either invalidity of the notes or impropriety in their assignment. *Wagstaff*, 118 Fed. Cl. at 178–79. To the contrary, as the Court of Federal Claims correctly noted in originally granting summary judgment, the evidence showed that the Department of Education had followed applicable due-process and statutory requirements, as well as validly collected on correctly calculated debts stemming from valid promissory notes signed by Ms. Wagstaff. *Wagstaff*, 111 Fed. Cl. at 764–65.

As to the second ground, newly discovered evidence, the Court of Federal Claims did not abuse its discretion in finding that it had previously considered and rejected all

---

regarding the October 9, 2013 order was untimely under Rule 59, her same-dated motion regarding the August 1, 2013 judgment would be even more untimely.

of Ms. Wagstaff's factual contentions. *Wagstaff*, 118 Fed. Cl. at 179. Ms. Wagstaff put forward no new evidence, let alone newly discovered evidence, contradicting the August 1, 2013 judgment. *See generally Second Motion for Relief*; Notice of Appeal, *Wagstaff*, No. 11-466C (Fed. Cl. Aug. 13, 2014).

As to the third ground, fraud, the Court of Federal Claims did not abuse its discretion in finding that Ms. Wagstaff's allegations were insufficient to warrant relief. As the court noted, most of Ms. Wagstaff's allegations of fraud, bias, and misconduct were non-specific, and all were unsupported by evidence. *E.g.*, *Second Motion for Relief* at 1 ("The final decision was bias [sic] as it did not address any evidence in support of Plaintiff's case."). Indeed, the only specific allegation of fraud that Ms. Wagstaff made—that the government never mailed information produced in court-ordered discovery—is refuted by the record, which contains a letter enclosing such information and a notice confirming the production of the information. Government's Response to Ms. Wagstaff's Motions for Relief, Exs. A–B, *Wagstaff*, No. 11-466C (Fed. Cl. Mar. 13, 2014).

Finally, as to the last ground, "any other reason that justifies relief," the Court of Federal Claims did not abuse its discretion in declining to find a reason to grant Ms. Wagstaff relief. A motion under Rule 60 is not available simply to relitigate a case—it is an avenue to secure "extraordinary relief . . . which may be granted only in exceptional circumstances." *Sioux Tribe of Indians v. United States*, 14 Cl. Ct. 94, 101 (1987) (citing *United States v. Atkinson*, 748 F.2d 659, 660 (Fed. Cir. 1984); *Wash. Med. Ctr., Inc. v. United States*, 211 Ct. Cl. 379, 380 (1977)), *aff'd*, 862 F.2d 275 (Fed. Cir. 1988); *see also CTS Corp. v. Piher Int'l Corp.*, 727 F.2d 1550, 1555 (Fed. Cir. 1984) ("Unless exceptional or extraordinary circumstances are shown, a Rule 60(b)(6) motion is generally not granted."). The Court of Federal Claims warned Ms.

Wagstaff that her claim would survive only if she submitted evidence of invalidity or improper assignment. She failed to submit such evidence, and she has not presented any arguments or facts that would entitle her to relief from the consequence of her failure. Under such circumstances, Rule 60 is unavailing.

### CONCLUSION

For the foregoing reasons, the judgment of the Court of Federal Claims is affirmed.

**AFFIRMED**