# ORIGINAL

## In the United States Court of Federal Claims

No. 15-266C

(Filed: June 29, 2015)

**(NOT TO BE PUBLISHED)**

FILED

JUN 29 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **ROSCOE ARTIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Roscoe Artis, *pro se*, Norlina, North Carolina.

Russell J. Upton, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Scott D. Austin, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**[1]

LETTOW, Judge.

Plaintiff, Roscoe Artis, seeks a more thorough "investigat[ion]" into his criminal conviction of murder in the first degree. Compl. at 1. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)

---

[1]Along with his complaint, Mr. Artis submitted an application to proceed *in forma pauperis*. *See* Application to Proceed *in forma pauperis*, ECF No. 4. Mr. Artis is currently incarcerated, and he appended to his application a certified copy of his trust fund account, as required by 28 U.S.C. § 1915(a)(2). *See id.* The statement of account shows a balance of $27.14 as of March 26, 2015. *Id.* at 3. In these circumstances, 28 U.S.C. § 1915(b) specifies the amount of the filing fee that Mr. Artis is obliged to pay. The application to proceed *in forma pauperis* will consequently be granted, subject to Mr. Artis' payment of the requisite filing fee in installments. *See* 28 U.S.C. § 1915(b)(2).

of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6). *See* Def.'s Mot. to Dismiss Compl. ("Def.'s Mot.") at 1, ECF No. 5.

## BACKGROUND

Mr. Artis is currently serving a life sentence in the Lumberton Correctional Institution in Lumberton, North Carolina, for his conviction of murder in the first degree of Joann Brockman. *See North Carolina v. Artis*, 384 S.E.2d 470 (N.C. 1989), *judgment vacated*, 494 U.S. 1023 (1990), *on remand to* 406 S.E.2d 827 (N.C. 1991); *see also* Def.'s Mot. Attach. A (North Carolina Department of Public Safety, Offender Public Information Database, Information for Offender ID No. 0011291 (Roscoe Artis)). Mr. Artis asserts that "[his] whole case was done illegally," Compl. at 1, and his complaint "appears to allege claims of prosecutorial misconduct, due process violations, and ineffective assistance of counsel," Def.'s Mot. at 2.

Mr. Artis avers that there were individuals involved in his case "as witnesses who were never called on by [his] lawyer or the prosecut[ing] attorney." Compl. at 2. These witnesses include the victim's aunt, who saw the victim shortly before her murder, and the victim's alleged boyfriend, who "had been by the victim's house [and the victim's aunt's barn] looking for [the victim]." Compl. at 2. Mr. Artis further alleges that since "[the prosecution] still didn't have enough evidence[] to convict, . . . they . . . found a girl . . . [whose] testimony had been coerce[d] and changed to make it seem [like Mr. Artis was guilty]." Compl. at 3. Mr. Artis' attorney also allegedly "told [him] he couldn't put [the victim's mother, who found the victim's body,] on the stand . . . [despite Mr. Artis' claim that] she [wa]s the key witness." Compl. at 4. Instead, Mr. Artis asserts that he was told that "[he] couldn't fight back." Compl. at 6.

## STANDARDS FOR DECISION

### A. *Subject Matter Jurisdiction*

In every instance, the "court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). The court will "normally consider the facts alleged in the complaint to be true and correct" when considering a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Air Prods. and Chems., Inc. v. Reichold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1984)). The plaintiff bears the burden of "alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction" by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds*, 846 F.2d at 748.

The Tucker Act confers jurisdiction on this court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity, authorizing a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Nonetheless, the Tucker Act itself does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). Rather "[a] substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To fall within the scope of the Tucker Act, a plaintiff must establish an independent right to monetary damages by identifying a substantive source of law that mandates payment from the United States for the injury suffered. *See Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

## B. *Failure to State a Claim*

To survive a motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (citing *Twombly*, 550 U.S. at 556). Moreover, the facts alleged must "'plausibly suggest[] (not merely [be] consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). While the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, it must aver more than "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (alteration in original), or "the-defendant-unlawfully-harmed-me-accusation[s]," *id.* (citing *Twombly*, 550 U.S. at 555). When determining whether the plaintiff has pled facts that are adequate to allow the court to infer that his right to relief is plausible—not merely possible—the court must "draw on its judicial experience and common sense." *Id.* at 679. Overall, the court "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

## ANALYSIS

### A. *Subject Matter Jurisdiction*

Mr. Artis' claims fall outside the ambit of this court's jurisdiction. To the extent Mr. Artis has alleged constitutional violations of due process, this court has no jurisdictional power to address such claims. "Although this court may exercise jurisdiction over claims 'founded . . . upon the Constitution,' the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money." *Miller v. United States*, 67 Fed. Cl. 195, 199 (2005) (citing 28 U.S.C. § 1491(a)(1)). Mr. Artis' asserted violations of the Due Process Clauses in the Fifth and Fourteenth Amendments are not by themselves money-mandating. *See LeBlanc v. United States*,

3

50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) ("[T]he Court of Federal Claims lacks jurisdiction over [Due Process Clause claims] because [the Due Process Clause] . . . is [not] a money-mandating provision."); *Wagstaff v. United States*, 105 Fed. Cl. 99, 109 (2012), *aff'd*, 595 Fed. Appx. 975 (Fed. Cir. 2014). Therefore, the court lacks jurisdiction to adjudicate Mr. Artis' constitutional claims.

In sum, Mr. Artis has failed to present any claim that falls within the court's jurisdiction.

## B. *Failure to State a Claim*

In the alternative, the government argues that Mr. Artis' complaint should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. at 1. Even liberally construed, the complaint does not include a facially plausible showing of wrongdoing by the United States. *See* Compl.; *see also Iqbal*, 556 U.S. at 678. Mr. Artis' assertions amount to a collateral challenge of his conviction and incarceration. Compl. at 1 ("I[']m not guilty and never was. My whole case was done illegally."). Mr. Artis contests the conduct of his attorney and the prosecutor during his trial. *See* Compl. at 2, 4, & 6. This court does not have jurisdiction to hear claims against individuals, including state and local governmental officials or employees. "[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Because Mr. Artis fails to state alleged wrongdoing by the federal government in his complaint, *see* Compl., it is accordingly improper in this court, *see May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (dismissing complaint where plaintiff did not "even *intimate* how the United States . . . was or would have been involved in the [dispute]") (emphasis in original).

Accordingly, Mr. Artis fails to state a claim upon which relief can be granted.

## CONCLUSION

Mr. Artis' request to proceed *in forma pauperis* is GRANTED.[2] For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Artis' complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction and, alternatively, pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. The clerk shall enter judgment in accord with this disposition.

No costs.

---

[2]Pursuant to 28 U.S.C. § 1915(b)(2), the clerk shall assess, and Mr. Artis shall make, "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" over $10, until the filing fee has been paid.

It is so **ORDERED**.

Charles F. Lettow
Judge