NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD G. JONES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2232

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01142-MCW, Judge Mary Ellen Coster Williams.

---

Decided: April 5, 2017

---

DONALD G. JONES, Tyrone, GA, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before MOORE, CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Donald G. Jones, proceeding pro se, appeals from the decision of the United States Court of Federal Claims (Claims Court) dismissing his claims against the United States for lack of jurisdiction. Because we agree with the Claims Court and find none of Mr. Jones's arguments persuasive, we *affirm*.

## DISCUSSION

We have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(3). We review the Claims Court's dismissal for lack of jurisdiction de novo. *Kam–Almaz v. United States*, 682 F.3d 1364, 1367–68 (Fed. Cir. 2012). We accept as true all factual allegations asserted in Mr. Jones's complaint and draw all reasonable inferences in his favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, Mr. Jones bears the ultimate burden of establishing jurisdiction; thus, his complaint must allege facts sufficient to articulate a claim within the Claims Court's jurisdiction. *Kam–Almaz*, 682 F.3d at 1367–68. Although pro se litigants are held to a less stringent pleading standard than those represented by counsel, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they are not exempt from meeting jurisdictional prerequisites. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

On August 4, 2011, Mr. Jones filed a complaint in the District Court for the District of Columbia, seeking a $540,000,000 award as a relator in a *qui tam* action pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et. seq.* Mr. Jones's theory of the case appeared to be based on the government's mishandling of Troubled Asset Relief Program (TARP) funds. The district court dismissed Mr. Jones's *qui tam* action on March 16, 2012, because (i) he provided nothing more than "a pure mishmash of unsup-

ported charges, argumentative facts, and illogical conclusions" that failed to satisfy the pleading requirements of Fed. R. Civ. P. 8(a), and (ii) a relator may not proceed pro se in a *qui tam* action. Mr. Jones then filed a complaint in the Claims Court on October 7, 2015, again seeking damages of $540,000,000 in *qui tam* funds under the False Claims Act. In his complaint, Mr. Jones appeared to allege that his district court action "forced the defendants to begin repaying back to the U.S. Treasury approximately $184,000,000,000.00 in TARP delinquent payment," yet the United States has wrongly denied him the relator award he is entitled under the Act. The United States filed a motion to dismiss for lack of jurisdiction and the Claims Court granted the motion, reasoning that such claims may only be heard in the district courts.

Mr. Jones's primary argument on appeal appears to be that his complaint necessarily falls within the jurisdiction of the Claims Court because he seeks monetary damages from the United States. The Claims Court, however, "is a court of limited jurisdiction." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Tucker Act generally provides jurisdiction over "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But the Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, the Claims Court does not have jurisdiction over all claims for money damages against the United States; such a right must be found outside the Tucker Act itself. Accordingly, to invoke the Claims Court's jurisdiction, a plaintiff must "identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive

right to money damages." *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000). Moreover, the Tucker Act is displaced "when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *United States v. Bormes*, —— U.S. ——, 133 S.Ct. 12, 18 (2012).

Mr. Jones did not invoke a contract with the United States or a moneymandating source of law that would provide the Claims Court with jurisdiction, but instead relied upon the *qui tam* action as the basis for his claim. Jurisdiction over *qui tam* actions, however, lies exclusively in the district courts. 31 U.S.C. § 3732(a) ("Any action under section 3730 may be brought in any judicial district in which the defendant . . . can be found, resides, [or] transacts business"); *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) ("*qui tam* suits may only be heard in the district courts."). Monetary recovery from the Government for claims as a *qui tam* relator is also exclusively within the jurisdiction of the district courts. *LeBlanc*, 50 F.3d at 1031. Thus, the Claims Court lacked jurisdiction to hear Mr. Jones's claims related to his *qui tam* action.

Mr. Jones also argues that the Claims Court erred because, as mentioned above, damages for breach of contract are within the Claims Court's jurisdiction. To the extent Mr. Jones can be understood to argue that the United States has somehow breached an independent contractual obligation to Mr. Jones by interfering with his right to recovery under the Act, this court has already explained that "the filing of a *qui tam* action does not give rise to any contractual obligation of good faith and fair dealing enforceable under the Tucker Act." *Nasuti v. United States*, 581 F. App'x 904, 905 (Fed. Cir. 2014); *Woods v. United States*, 122 F. App'x 989, 991 (Fed. Cir. 2004) ("Any such implied contract . . . arises only from an imputed promise to perform a legal duty . . . and cannot form

the basis for jurisdiction in the Court of Federal Claims under 28 U.S.C. § 1491(a)(1).").

Finally, Mr. Jones also appears to argue that his case raises an issue over which the Claims Court has jurisdiction under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Even assuming Mr. Jones alleged a plausible *Bivens* claim, the Claims Court lacks jurisdiction over such claims. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

### CONCLUSION

We have carefully considered all of Mr. Jones's arguments and conclude that they are without merit. The Claims Court correctly concluded it was without jurisdiction to consider Mr. Jones's claims. Therefore, we affirm the Claims Court's decision dismissing his complaint against the United States for lack of jurisdiction.

### AFFIRMED

### COSTS

No Costs.