NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CALVIN LYDELL DIBRELL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1724

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01983-CFL, Senior Judge Charles F. Lettow.

---

Decided: December 18, 2024

---

CALVIN LYDELL DIBRELL, Knoxville, TN, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

PER CURIAM.

Calvin Lydell Dibrell appeals a decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Because Mr. Dibrell's claims fall outside the scope of the Court of Federal Claims' jurisdiction, we affirm.

I

In 2014, Mr. Dibrell claims the police in Knoxville, Tennessee improperly conducted a search of his car that led to his wrongful imprisonment for four years. Mr. Dibrell also alleges that the Knoxville News Sentinel published an article about him that contained false and defamatory statements regarding criminal allegations against him.

On November 9, 2023, Mr. Dibrell filed a complaint and corresponding exhibit in the Court of Federal Claims. The complaint named a variety of local, state, and federal government actors including judges, law enforcement officers, and politicians as defendants. It does not name the United States as a defendant. And while Mr. Dibrell's complaint cites various legal provisions, it ultimately appears to bring two claims: (1) a civil rights violation under 42 U.S.C. § 1983 by the Knoxville Police Department, and (2) a claim of defamation by the Knoxville News Sentinel. S.A. 16–17.[1]

The government moved to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims. *Dibrell v. United States*, No. 22-1983C, (Fed. Cl. Jan. 8, 2024), ECF No. 5. In its Rule 12(b)(1) motion, the government argued Mr. Dibrell's complaint should be dismissed for lack of subject matter jurisdiction because "Mr. Dibrell's

---

[1] References to S.A. refer to the Supplemental Appendix filed with the agency's brief.

complaint does not explain how his claims fall within the scope of the Tucker Act." *Id.* at 2.

The Court of Federal Claims agreed and dismissed Mr. Dibrell's complaint, holding that he failed to raise a claim within the court's jurisdiction. S.A. 3–5.

Mr. Dibrell timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction *de novo*. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). "[J]urisdiction [must] be established as a threshold matter." *Weishan Hongda Aquatic Food Co. v. United States*, 917 F.3d 1353, 1362 (Fed. Cir. 2019). As the plaintiff, Mr. Dibrell bears the burden of establishing jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Although we give *pro se* plaintiffs more latitude in their pleadings than parties represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), such leniency does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Court of Federal Claims "is a court of specific civil jurisdiction." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Under the Tucker Act, the source of the Court of Federal Claims' jurisdiction, the Court of Federal Claims' jurisdiction is limited to "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citing 28 U.S.C. § 1491). The Tucker Act alone does not supply an independent source of action; a plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173.

The Court of Federal Claims correctly concluded that it lacked jurisdiction over Mr. Dibrell's complaint. As a threshold matter, Mr. Dibrell does not assert any claims against the United States. Instead, Mr. Dibrell appears to have brought one claim against the Knoxville Police Department and one claim against the Knoxville News Sentinel. But, as the Court of Federal Claims correctly noted, "any claim by Mr. Dibrell that fails to designate the United States itself as the defendant is necessarily outside [the Court of Federal Claims'] jurisdiction." S.A. 3 (citing RCFC 10(a) (providing that the United States must be the designated defendant in cases before the Court of Federal Claims)). And while Mr. Dibrell's complaint names individuals who are federal officers, there are no factual allegations explaining how those federal officers were involved in any of the factual allegations or were acting as agents of the United States. S.A. 3; *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (The Court of Federal Claims is "without jurisdiction of any suit brought against private parties[.]"); *Burns v. United States*, No. 18-382C, 2018 WL 2996918, at *2 (Fed. Cl. June 15, 2018) (The Court of Federal Claims lacks jurisdiction over "private individuals, even where those individuals are officers or employees of the government."); *Pease v. United States*, No. 10-556C, 2011 WL 539116, at *3 (Fed. Cl. Feb. 8, 2011) (The Court of Federal Claims lacks jurisdiction over "nonfederal parties who are not agents of the United States.").

Even if any of Mr. Dibrell's allegations could be construed to be against the United States itself, the underlying nature of the claims place them outside the scope of the Tucker Act.

Mr. Dibrell's first claim, a civil rights violation under 42 U.S.C. § 1983 by the Knoxville Police Department, falls within the federal district courts' exclusive jurisdiction. *See, e.g., Brashear v. United States*, 776 F. App'x 679, 683 (Fed. Cir. 2019) ("[C]ivil rights claims brought pursuant to

§ 1983 are under the exclusive jurisdiction of federal district courts."). Thus, the Court of Federal Claims correctly concluded it "does not have subject matter jurisdiction over civil rights claims arising under 42 U.S.C. § 1983." S.A. 3.

Mr. Dibrell's second claim, a claim of defamation by the Knoxville News Sentinel, is a tort law cause of action. *See Woods v. United States*, 122 F. App'x 989, 991 (Fed. Cir. 2004) ("The Court of Federal Claims is a court of limited jurisdiction, and claims sounding in tort, such as defamation, are outside the jurisdiction of the court."). Under the Tucker Act, the Court of Federal Claims "lacks jurisdiction over tort actions against the United States." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)(1)). Thus, the Court of Federal Claims correctly concluded it "lacks subject matter jurisdiction over Mr. Dibrell's defamation claim." S.A. 4.

To the extent Mr. Dibrell's complaint included claims alleging either criminal violations or constitutional violations against the United States,[2] the Court of Federal Claims correctly concluded it lacks jurisdiction over those claims.

Regarding any claim that alleges criminal violations, the Court of Federal Claims correctly determined it "lacks subject matter jurisdiction over claims arising under criminal law." S.A. 4 (citing *Dziekonski v. United States*, 120 Fed. Cl. 806, 811 (2015) ("Assuming plaintiff were to make out a cognizable criminal violation claim, the Court of Federal Claims lacks jurisdiction to entertain criminal matters.")); *see also Joshua v. United States,* 17 F.3d 378,

---

[2] While Mr. Dibrell's complaint cites numerous provisions of law that includes criminal statutes and constitutional provisions, it only brings counts of civil rights violations under 42 U.S.C. § 1983 and defamation.

379–80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]").

Regarding any claim that alleges constitutional violations under the Fourth, Sixth, and Fourteenth Amendments, the Court of Federal Claims correctly concluded it lacks subject matter jurisdiction because "neither the Fourth, Sixth, nor Fourteenth Amendment contain a money-mandating provision." S.A. 4; *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."); *Drake v. United States,* 792 F. App'x 916 (Fed. Cir. 2019) ("The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (concluding that the Due Process and Equal Protection Clauses of the Fourteenth Amendment do not provide "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"). And the Court of Federal Claims correctly determined it lacks jurisdiction under the Fifth Amendment, "other than pursuant to the Takings Clause, which is not a provision under which Mr. Dibrell brings his claims." S.A. 4 (citing *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) ("[T]he Court of Federal Claims has clear jurisdiction only with respect to constitutional claims founded on the Takings Clause of the Fifth Amendment, as other amendments to the Constitution do not, of themselves, mandate payment for violations."); *see also LeBlanc v. United States*, 50 F.3d 1025 (Fed. Cir. 1995) (holding the Due Process Clause of the Fifth Amendment is not a sufficient basis for jurisdiction).

III

We have considered the remainder of Mr. Dibrell's arguments and find them unpersuasive. Because Mr. Dibrell's claims are outside the jurisdiction of the Court of Federal Claims, we affirm.

## AFFIRMED

### COSTS

No costs.